DOBSON *v.* GRAHAM.[1]

*(Circuit Court, E. D. Pennsylvania. June 27, 1889.)*

1. DISCOVERY—SECRETS OF MANUFACTURE.
    Workmen pledged to secrecy, and employed in a factory in which the business is conducted in private, to secure the secrecy of the machinery and methods of manufacture, will not be compelled, in a suit against their employer, to answer interrogatories, and describe the peculiarities of his machinery, where no evidence has been introduced to show that the secrets of the defendant were used to conceal an invasion of complainant's rights.

2. PATENTS FOR INVENTIONS—PRESUMPTION OF INFRINGEMENT.
    No presumption of infringement of complainant's patent by defendant arises from the fact that the workmen who constructed complainant's machinery were employed to erect defendant's machinery.

3. SAME—INSPECTION OF DEFENDANT'S MACHINERY.
    Complainant will not be granted an inspection of machinery of defendant kept in secret, and claimed to embody important secrets, when complainant produces no evidence tending to show that it infringes his patents.

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

In Equity.

Bill to enjoin infringement of patent by John Dobson against Richard Graham. Plaintiff called defendant's workmen to show infringement, and asked them to state wherein the defendant's machine differed from complainant's. This they refused to do under advice of counsel. Plaintiff moves for an inspection of defendant's machinery, and to compel the witnesses to answer interrogatories. Motions denied.

*Hector T. Fenton*, for complainant.

*Strawbridge & Taylor*, for respondent.

BUTLER, District Judge. These motions must be dismissed for the reasons stated at an earlier period in the case. As then said, the plaintiff filed his bill charging infringement of his rights without having any positive knowledge upon the subject. He seems to have relied upon the chance of obtaining evidence to support the charge from the defendant and his workmen. Such a case is not entitled to the special favor of a court of equity. The defendant's business is conducted in private, for the purpose of securing to himself (as he asserts) the use of his peculiar machinery and methods of manufacture. These secrets of his business, if they cover nothing unlawful, are his property and as well entitled to protection as the rights secured by the plaintiff's patent. His workmen are bound by express contract not to divulge them. In the absence of such contract equity would imply an obligation of equal force. If it were shown that these secrets are used as a cloak to cover an invasion of the plaintiff's rights, or if there was reliable evidence tending to show it, and justifying a belief that they are sound, the motions would be sustained. But there is no such evidence before us. It appears that the defendant employs certain workmen who were formerly employed by the plaintiff; that these workmen are familiar with the plaintiff's patented machinery, and that they aided in constructing the defendant's. This is substantially all. These workmen have been permitted to answer questions directed towards a comparison of the defendant's machinery with the plaintiff's except where the answer would tend to describe wherein the former differed from the latter, and thus to describe the peculiarities of the defendant's machinery. The court cannot properly compel them to go further, nor, in this state of facts, compel the defendant to submit his machinery to inspection.