### DIAMOND MATCH CO. v. OSHKOSH MATCH WORKS et al.

(Circuit Court, E. D. Wisconsin. October 1, 1894.) `

PATENTS—ACTION FOR INFRINGEMENT—PRODUCTION OF DRAWINGS AND MODELS —DRAWINGS IN PENDING APPLICATIONS AT THE PATENT OFFICE.

The defendants concealed their machines, so that the complainant could not make satisfactory proof of infringement. Complainant thereupon called one of the directors of the defendant corporation, and proved by him that the defendants' machines contained the elements mentioned in certain claims of complainant's patents, and then moved the court for an order requiring the defendants to produce drawings or a model of said machines, or to permit complainant's experts to visit their shops, and make such drawings from the machines. *Held*:

1. That although such order should not be granted upon mere suspicion or allegation of infringement, yet here, as the complainant had shown probable cause for believing that infringement was going on, the order should be granted.

2. That the fact that an application for a patent on one of the defendants' machines was pending was no ground for denying the order, the rule of secrecy in the patent office having no application to investigations of causes by the courts.

3. Rule entered for the defendants to produce drawings of the alleged infringing machines upon payment of the cost thereof by the complainant.

Two actions in equity by the Diamond Match Company against the Oshkosh Match Works and others for infringement of a certain patent. Heard on complainant's motion for an order requiring the production of certain drawings by the defendants.

Prindle & Russell, L. Hill, and H. G. Underwood, for complainant.

A. E. Thompson, C. T. Benedict, and Harshaw & Davidson, for defendants.

SEAMAN, District Judge. The complainant is prosecuting two actions in equity against the defendants, alleging infringement in each case of certain letters patent, and the defendants answer in each, under oath, denying infringement. The complainant was proceeding with the taking of testimony before a notary acting as examiner pursuant to stipulation, and produced as a witness in its behalf William H. Wyman, who was superintendent and director of the Oshkosh Match Works, and inventor of the alleged infringing machinery used by the defendants. It is sufficient to state that this witness testifies that applications are pending in the patent office for patents upon one of these machines; that full and complete drawings have been made of each of the machines, but were delivered to their solicitor for use with applications for patents, and are not in possession of the witnesses; that he is not sufficiently

skilled to make drawings or sketches which would accurately represent the machines, and has no model of them. His answers to certain of the direct interrogatories, which are framed in the precise language of claims set out in complainant's patents, tend to show that there is present in the defendants' machines, in each case, at least a similar combination of elements for a similar purpose. There is sufficient in some of these answers to show ground for suspicion of infringement, and to demand accurate information of the means or elements employed in order to determine the question of conflict. In this state of the inquiry, it is not "a mere fishing excursion" for evidence against the defendants, or a move upon bare suspicion. The case differs materially from that presented in Dobson v. Graham, 49 Fed. 17, and comes clearly within the rule announced in Edison Electric Light Co. v. United States Electric Lighting Co., 44 Fed. 294, 45 Fed. 55; Coop v. Development Inst., 47 Fed. 899; Johnson S. S. R. Co. v. North Branch Steel Co., 48 Fed. 195.

The complainant is not entitled to the aid of the court, upon a suspicion or an allegation of infringement, to pry into the business, operations, or appliances of the defendants, either to the end of making out a case against them, or for any other object. The defendants are entitled to protection in their rights and property, and will not be required to make premature disclosure of their matters of defense. But the answers above referred to so far establish ground for a prima facie case of infringement that it is fairly opened for inquiry, and the complainant is entitled to accurate information of the constituents and mode of operation of the alleged infringing machines. That information can be readily furnished. It is a part of the complainant's case, but cannot at this stage be withheld upon the ground simply that it is under the control of defendants. I doubt whether the question of identity could be determined satisfactorily without the aid of drawings, models, or inspection; and I am unable to find any reason for the fear expressed by the defendants that some harm, aside from the issues in this action, might result from disclosure while the application in the one case is pending in the patent office. Any invention it may show cannot be forestalled at this time. The rule or practice of the patent office, which withholds the drawings and papers from the public eye until the case is disposed of, is salutary there, but is not applicable to the investigation of causes by the courts. The application in the other case is stated to be in readiness for filing, and disclosure obtained in this public manner cannot be presumed to imperil any invention it may contain. The drawings must be produced, if in existence and within control of the defendants or their counsel, for use before the examiner, upon payment by the complainant of such sum for their use as shall be reasonable. A rule will be entered accordingly, with leave to complainant to apply for further relief upon default, or insufficiency of the information.