MacWILLIAM v. CONNECTICUT WEB CO.

(Circuit Court, S. D. New York. November 25, 1902.)

1. EQUITY—EVIDENCE—OBJECTIONS TO ADMISSIBILITY OF DOCUMENTS.

There is no objection to a court's giving a certificate that an abandoned application for a patent, or a certified copy thereof, will be admitted in evidence in a suit in equity, if such certificate is required by the patent office as a prerequisite to the production or certification of the document; it being the duty of the court, under the rule of the supreme court, to receive it in evidence and make it a part of the record notwithstanding any objection to its relevancy, materiality, or pertinency.

In Equity. On motion for a certificate as to documents in the custody of the patent office.

Walter D. Edmonds, for the motion.

Herbert & Knight, opposed.

LACOMBE, Circuit Judge. It is not quite clear what sort of certificate this court is asked to give. No reference is made to any statute or to any rule or regulation of the patent office requiring a certificate of court as prerequisite to the production for inspection and copy of an abandoned application. For aught that appears, the commissioner of patents has full power in the premises. From the argument in the briefs of counsel for the respective parties, it would seem that the principal matter of dispute between them is as to whether the application is relevant and material to the issues in this suit. The supreme court, however, in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, has indicated that, 'in the course of taking proofs in equity, all such questions should be reserved for final hearing, and the testimony preserved for the appellate court should the decision at final hearing be adverse to its admission. This court is prepared to sign a certificate to the effect that, in conformity with the rulings of the United States supreme court, it would admit said abandoned application in evidence if it, or a certified copy, were offered, notwithstanding any objections to its relevancy, materiality, or pertinency.