ROWELL v. WILLIAM KOEHL CO.

(District Court. W. D. New York. March 2, 1912.)

No. 469.

PATENTS (§ 292*)—SUIT FOR INFRINGEMENT—REQUIRING DISCLOSURE BY DEFENDANT.

A showing that an alleged infringer makes a device in all essentials similar to that produced by complainant's patented machine, and inferentially made by the same machine or its equivalent, where defendant refuses to permit an inspection of his machine, or to disclose the contents of his application for a patent thereon, is sufficient ground for an order of the court compelling such disclosure, or permission to make such inspection.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. § 292.*]

In Equity. Suit by E. N. Rowell against the William Koehl Company. On application for an order directing the president of defendant to produce a copy of his pending application for a patent, and for an inspection of defendant's machine. Granted.

Briesen & Knauth, for complainant.
Arthur C. Wade and Frank Keiper, for defendant.

HAZEL, District Judge. This case comes before the court upon an application for an order directing William Koehl, president of the defendant corporation, to produce a copy of his pending application for patent, and for an inspection of defendant's machine for making pill boxes. Complainant's affidavits show that the defendant used in its factory a machine for making the various parts or body portions of the box, and then automatically assembled them to make a completed box; that the boxes of the defendant have three parts, the cardboard cylinder, the cardboard disk, and the gummed paper; and that when such parts are united by the machine they are similar in appearance, size, and form to the boxes made by the patented machine of the complainant. From the appearance of the defendant's product, and from the testimony of its president, complainant's expert witness testified that he formed the opinion that in its principal operating parts the machine of the defendant was similar to that described in the patent in suit, and that the defendant employed either the identical mechanism

or mechanical equivalents to achieve the result. It further appears that the defendant, in the year 1907, built and used a machine concededly not unlike the complainant's, and upon receiving notice of infringement abandoned its use. Defendant's machine is secretly operated, and defendant declines to produce the same for inspection, on the ground that an application for a patent covering it in all its details has been filed in the Patent Office.

Concededly the court has power in a proper case to compel disclosure of the application for a patent or the inspection of the machine. But the defendant contends that no prima facie showing of infringement has been made, and that as the machine of the defendant embodies trade secrets the application should not be granted. The contention is without merit. The concealment by the defendant of its machine and method of making boxes, its declination to furnish a description of the essential parts, the similarity of the boxes and the parts thereof, indicating that such boxes were made by a machine such as the specification of the Rowell and Little patent describes, are sufficient grounds for suspicion of infringement. If the defendant does not infringe the claims in suit, an inspection of its machine, or a particular description of it, would quickly establish the fact. While it is true that the burden of proof rests upon the complainant to show by proper evidence that the defendant infringes, yet it is also true that, when an asserted infringer declines to exhibit the machine or article which is the subject of the action, there is a presumption that identity exists between such machine or article and that covered by the patent. 3 Robinson on Patents, 305. And when additional evidence is produced tending to show that the patented article was inferentially made by machinery such as described in the patent, there is reasonable cause for believing that the claim of infringement is well founded.

The course of the defendant in declining to produce its machine, or drawing thereof, or to give a description of it, on the ground that the complainant will duplicate the same, or in some way obstruct the course of proceedings in the Patent Office, does not meet with the favor of the court. The questions of invalidity or limitation of claims, priority, anticipation, and noninfringement are not germane to the point under consideration. Nothing tangible has been adduced to show that this application is prosecuted in bad faith, or that it originated in idle or prying curiosity, or in a desire to interfere with the customers of the defendant or the issuance to it of a patent. The application for disclosure falls within the rule laid down by Judge Lacombe in Edison Electric Light Co. v. United States Electric Lighting Co. (C. C.) 44 Fed. 294, and within the following cases: Diamond Match Company v. Oshkosh Match Works (C. C.) 63 Fed. 294; Dobson v. Graham (C. C.) 49 Fed. 17. See, also, Wigmore on Evidence, vol. 3, § 2212.

Hence an order may be entered directing the defendant to deliver to the examiner, or the complainant's solicitor, within 10 days from the date of the order, a copy of the papers or drawings forming the application for letters patent filed by it, or in lieu thereof defendant may give complainant's solicitor power of attorney entitling him to inspect and procure a copy of such application from the Patent Office, or, if the defendant so prefers, a master will be appointed by the court to inspect the defendant's box-making machine at its factory,

and make a full and complete report to this court regarding the device employed by the defendant and the manner in which it operates.

So ordered.

Upon receiving such report, the court will determine whether complainant is entitled to disclosure.