UNITED LACE & BRAID MFG. CO. v. BARTHELS MFG. CO.

(District Court, E. D. New York.   April 27, 1914.)

1. PLEADING (§ 320*)—TRADE-MARKS AND TRADE-NAMES—SUIT FOR INFRINGE-
MENT—BILL OF PARTICULARS.
    A motion by the defendant, in a suit for infringement of trade-mark and
unfair competition, for a further bill of particulars denied, where the in-
formation sought related to defendant's business and was peculiarly
within its own knowledge.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig.
§ 320.*].

2. TRADE-MARKS AND TRADE-NAMES (§ 92*)—SUIT FOR INFRINGEMENT—BILL
OF PARTICULARS.
    The complainant in a suit for unfair competition will not be compelled
to disclose in advance of the hearing the names of persons alleged to
have been deceived into buying defendant's goods.
    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. §§ 102, 103; Dec. Dig. § 92.*]

In Equity.   Suit by the United Lace & Braid Manufacturing Com-
pany against the Barthels Manufacturing Company.   On motion by
defendant for further bill of particulars.   Denied.

Littlefield & Littlefield, of New York City (Eugene A. Kingman,
of Providence, R. I., of counsel), for plaintiff.

Wingate & Cullen, of New York City (Conrad Saxe Keyes, of New
York City, of counsel), for defendant.

CHATFIELD, District Judge.   Suit has been brought upon a
trade-mark, and also upon claims of established property rights in a
recognized trade-name.   The defendant is charged with infringement
of the trade-mark, and with intentional sale of articles palpably imi-
tating in appearance and labels the goods of the parties owning the
trade-mark.

A motion for judgment upon the face of the complaint in this action
was denied, without memorandum discussion of the points raised,
which included a claim that the word filed as a trade-mark was merely
descriptive and could not be made the subject of a valid trade-mark,
and also that the name given to the defendant's goods, and the form
in which they were placed on the market, with the labels affixed there-
to, were not in themselves sufficiently like those of the plaintiff to
constitute infringement, or to be the basis for a charge of unfair
competition by substitution or deception through similarity alone.   The
determination of this motion might be merely a holding that the
questions should be reserved for final hearing, or the court may have
considered the objections raised to be insufficient as defenses.

[1] Immediately after the decision of the previous motion, the de-
fendant moved for a bill of particulars showing (1) the names and
addresses of those persons who were said to be selling the defendant's
product at a wholesale price less than that of the plaintiff, in transac-
tions where substitution and deception were alleged to have been
practiced; and (2) the names and addresses of the persons who were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alleged in the complaint to have been actually deceived in making such purchases. The plaintiff thereupon served a bill of particulars, specifying that the persons making deceptive and substituted sales were the defendant and its agents and jobbers, that the places where this was done were peculiarly within the defendant's knowledge, and that at least 18 jobbers and dealers located in Boston, Mass., and New York City, were known to have substituted and palmed off the defendant's product upon orders calling for the plaintiff's goods.

This bill of particulars also stated that 5 persons, dealers in the plaintiff's goods, had been induced to believe that the label used by the defendant was a new spelling for the plaintiff's label. Whereupon this application was made to the court for a further bill of particulars containing the names of these 18 jobbers, the 5 persons who had been deceived in their purchases, the places and addresses where wholesale sales were made for less than the plaintiff's prices, and where persons had been deceived, with the alternative provision that, for failure to furnish the information, the plaintiff be precluded from introducing evidence upon those matters.

In so far as the motion is merely an attempt to secure the names of witnesses or the details of the plaintiff's evidence, it should be denied. But, apart from this, the knowledge of where, to whom, and under what conditions, sales have been made by the defendant at wholesale prices, are matters known to the defendant much better than to the plaintiff. In the trial of a suit in equity, even under the present rules, no hardship would seem to be involved in refusing to give to the defendant information of just when, where, and how it has dealt with its own customers. The opportunity for fair hearing and cross-examination can be amply protected. Curtis v. Phelps (D. C.) 209 Fed. 261.

It is further doubtful how the plaintiff could introduce independent acts of third parties in palming off cheaper goods, instead of those asked for, unless the sale was effected merely by the resemblance of the articles. If actual deception and fraud is committed by the willful misrepresentation of a tradesman, that would not be the act of the defendant. In so far as the sales complained of are wholesale transactions, made possible by a salability or public demand for the plaintiff's goods, or in so far as the purchases were by customers who supposed they were buying the goods known to them as the plaintiff's the case will turn upon the similarity of appearance and capability for substitution of the one article for the other, united with a comparison of prices, or upon the similarity of wrapping and labels, including the trade-mark and questions concerning the validity thereof. These questions will involve the same propositions that have already been considered in the previous motion. There is no allegation that the defendant has, through its servants or agents, substituted or palmed off any article for that of the plaintiff, except as the articles would supply the same demand and as the casual purchaser might be deceived.

No allegation of damage for the loss of any particular sale is pleaded; nor is there any claim of breach of warranty or damage to any

customer set up as a cause of action. It will undoubtedly be better to consider the questions raised upon the previous motion at final hearing, even though the testimony, in so far as it is other than that within the defendant's reach or control, may be substantially nothing more than was shown or indicated by the allegations of the pleadings.

[2] As to the 5 persons whom it is claimed were deceived, and purchased the defendant's goods thinking they were the plaintiff's, the court fails to see why their names should be disclosed in advance of trial. If their testimony has to do merely with the alleged deceptive or imitative qualities of the defendant's goods, then cross-examination and testimony to the contrary is all that the defendant can interpose. If investigation of and interviews with the witnesses themselves is what is desired, it would be unsafe generally to grant such a bill of particulars. The occurrence itself—that is, the making of the sale— would not be the point under investigation. To subject such witnesses to conflicting interviews by both sides, in advance of trial, opens the way to more difficulty than it ordinarily accomplishes good.

Motion for further bill of particulars denied.