## UTAH RADIO PRODUCTS CO. v. DELCO APPLIANCE CORPORATION.

### No. 2040.

District Court, W. D. New York.

Jan. 4, 1937.

144

Parker, Carlson, Fitzner & Hubbard, of Chicago, Ill., and John S. Powers, of Buffalo, N. Y., for plaintiff.

Cooper, Kerr & Dunham, of New York City and Falk, Phillips, Twelvetrees & Falk, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This is a suit for alleged patent infringement. The defendant moves to amend its answer (1) to include the name of Howard H. Smith as one who had invented or discovered the patent in suit prior to one Barrett, the plaintiff's assignor; and (2) to include an allegation to the effect that such patent is void for the reason that Barrett "surreptitiously and unjustly obtained the said patent for that which was in fact invented or discovered by another."

The defendant also moves for an order directing the Commissioner of Patents to certify to certain copies of records hereinafter mentioned.

The patent in suit, No. 1,924,082, was issued August 22, 1933, on an application filed January 3, 1933. All of the claims of the patent are in suit and relate to inventions for "a circuit making and breaking device" and "in a circuit controlling means the combination of a base, an electro-magnet * * * and means for intermittently energizing said electro-magnet" and "a circuit controller comprising an electro-magnet." An object of the invention is stated as making a "direct current transforming system." From the proofs submitted on this motion, and not denied, it appears that Howard H. Smith on October 10, 1932, filed an application for a patent, Serial No. 637,030, described as showing "improvement in converters" and relating in general to converters and more especially to an improved full wave converter of the interrupter type for converting direct current into alternating current. Concededly, Figure 5 of this application shows a vibrator. Plaintiff asserts that this figure shows a vibrator such as the plaintiff itself put on the market August 5, 1932; that the vibrator shown in the Smith application is only a part of the combination for which such application was made; and that the patent in suit relates to a vibrator "per se." Included in the moving papers are what purport to be copies of certain specifications and claims of the Smith application. It is not specifically denied that these are such. The alleged copy of the Smith certificate recites "Figure 5 shows one form of mechanical design which may be used in constructing the vibrator unit." There are various references in the specifications of the Smith application as related to "converters," and

"interrupter," and "circuit connections." If the Smith application was for a device substantially disclosed in the Barrett application on which the patent in suit was issued, Barrett was not the first inventor and upon issue raised upon this point, the defendant must succeed. Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651; Rev.St. 4920 and 4886, as amended (35 U.S.C.A. § 69 and § 31); United Chromium, Inc., v. General Motors Corporation (C.C.A.) 85 F.(2d) 577. A reading of the Barrett patent and the Smith application discloses sufficient reasons why the court should not now decide what the effect of the Smith application is, that is, whether such includes a "vibrator" as a part of a combination for which the application is made, or is an invention in and of itself in the application. The court should not pass upon this question now. Full opportunity should be given to present the issue upon the trial. Enough has been shown to make it appear that the defendant may properly raise an issue as to whether Smith's application discloses as his invention a vibrator as described in the patent in suit.

Plaintiff opposes this motion on the ground of laches. This suit was commenced in February, 1936. The answer was filed in April, 1936. Interrogatories have been interposed by each party and answered. Lengthy depositions have been taken and other proceedings had. While it is undenied that the defendant has had in its possession for some considerable time copies of certain of the papers upon which this motion is based, it does not seem that there is sufficient ground shown to deny the right of the defendant to interpose this defense at this time.

While it might be urged that the second requested amendment should be granted as a matter of course, following the granting of the first request, it seems to me that this does not follow. Nothing in the papers goes to show any basis for the claim that Barrett surreptitiously and unjustly obtained his patent and request to amend in this respect is denied.

Closely connected with the aforesaid motions to amend the pleading are other motions made by the defendant for orders directing the Commissioner of Patents to certify copies of his records showing all proceedings in the application of Howard H. Smith for Letters Patent dated October 10, 1932, of Edward L. Barrett for Letters Patent, Serial No. 707,643, and of all proceedings in the matter of interference No. 69,476, Barrett v. Garstang and involving the aforesaid Barrett application No. 707,643 and to deliver such certified copies to defendant upon his payment therefor.

Applications for patents are not public documents until they develop into patents. In re Davis & Roesch Temperature Controlling Co., 1905 C.D. 47; Moore, Commissioner, v. United States, 32 App. D.C. 243. They are secret documents in the office of the Commissioner. U.S.Patent Office Rule No. 15 specifically provides that pending applications are to be preserved in secrecy. There is, however, in the decisions of the court abundant authority for directing disclosure in pending applications under certain conditions. The reason for the rule is that the inventor's idea may not be conveyed to the outside world to permit the forestalling of the invention and lead to confusion. The court should protect the applicant against these dangers. The plaintiff makes the contention here that granting of this motion would entail a disclosure of the plaintiff's privileged trade secrets. The force of this argument is destroyed by the fact that the defendant already has a copy of the proceedings in the Patent Office. The court must find that the record may be relevant and material on the trial. We are not now concerned with the admission of this record upon the trial. Crocker-Wheeler Co. v. Bullock (C.C.) 134 F. 241; Diamond Match Co. v. Oshkosh Match Works (C.C.) 63 F. 984; Wigmore on Evidence, § 2212, cited by plaintiff, state the need of caution in the revelation of trade secrets, but none deny that they may be available under certain conditions, or as said by Wigmore, supra:

"Accordingly, there ought to be and there is, in some degree, a recognition of the privilege not to disclose that class of facts which, for lack of a better term, have come to be known as trade secrets. Nevertheless, the occasional necessity of recognizing it should not blind us to the danger of such a measure, or entice us into an unqualified sanction for such a demand. In the first place, in an epoch when patent-rights and copyrights for invention are so easily obtained and so amply secured, there can be only an occasional need for the pres-

ervation of an honest trade secret without resort to public registration for its protection. Such instances do occur, but an object of the patent and copyright laws is to render them as rare as possible, and the presumption should be against their propriety. In other words, a person claiming that he needs to keep these things secret at all should be expected to make the exigency particularly plain."

In the instant case, where it appears that the construction of the Smith application as made by the trial court may be material and relevant, the opportunity to present the question at the trial should be given. This court might not be disposed to permit the defendant now to have access to the certified copy of the record were it not for the fact that it has an uncertified copy of such record. It is obvious that an uncertified copy of the record can not be received in evidence upon objection taken.

Procedure to enable the offering of the certified copy of the record and the purpose of it is found in Blease v. Garlington, 92 U.S. 1, 23 L.Ed. 521; MacWilliam v. Connecticut Web Co. (C.C.) 119 F. 509; United Chromium, Inc., v. General Motors Corporation (C.C.A.) 85 F.(2d) 577.

The courts have expressed views supporting the decision herein made. In re Davis & Roesch Temperature Controlling Co., supra; Shimadzu et al. v. Electric Storage Battery Co. (D.C.) 6 F.Supp. 393; Rowell v. William Koehl Co. (D.C) 194 F. 446; Edison Electric Light Co. v. United States Electric Lighting Co. (C.C.) 44 F. 294; Wigmore, p. 245; Diamond Match Co. v. Oshkosh Match Works et al. (C.C.) 63 F. 984.

There may be parts of the ·Smith record which are immaterial and irrelevant. Such might be the action by the patent office with reference to certain claims. If in the light of the view hereinbefore expressed plaintiff desires to present reasons for the elimination of parts of the record on the above-mentioned basis, it will be heard.

■ As regards the Barrett application, Serial No. 707,643, parts of the record may be competent to disprove that Barrett was not entitled to his patent No. 1,924,082 in view of Smith, and further to disprove the claim that the so-called Smith "vibrator" was invented by Barrett prior to August, 1931. The real question now presented is whether the vibrator was the invention of Smith and whether it was similar in substance to the Barrett patent in issue here. The Barrett application No. 707,643 may throw light on the question upon the trial. It seems to me that the proper practice would be to require certification of the record of the Barrett application, No. 707,-643, to be made and sealed and left with the court pending the order of the court on the trial as to its materiality and relevancy. Such certification should include, however, only the specification and claims, and exclude any argument made thereon before the Patent Office, decision or opinion of the Patent Office as regards rejection of any claim.

■ As to interference No. 69,476, it is not seen that the proceedings thereon have any relevancy or will aid the court in its consideration of the present suit. Plaintiff and Barrett moved to dissolve the interference on the ground that the count in alleged interference was unpatentable. That was granted. Any patent claim of Gerstung has no materiality here. The application in the interference to include Smith was denied for the reason that it was not a sufficient reason to include Smith because it was difficult for the common assignee to determine priority and that it was not apparent why the count should be patentable to Smith and not patentable to Barrett. It does not appear that there was any hearing in the interference, and, as stated, the interference count was dismissed as unpatentable.

The plaintiff filed with the court certan papers under seal purported by plaintiff to show why plaintiff would receive irreparable injury through disclosure of the several proceedings in the Patent Office. The court feels that it should not examine such memoranda in the light of the decision it makes and for the reason assigned hereinbefore.

The court will confer with the parties as respects the form of the order herein.