## B. B. CHEMICAL CO. v. CATARACT CHEMICAL CO., Inc.

### No. 2218.

District Court, W. D. New York.

Oct. 25, 1938.

Fish, Richardson & Neave, of New York City, and John S. Powers, of Buffalo, N. Y., for plaintiff.

Albert R. Henry, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This is a suit for infringement of certain patents. The Bill is in the usual form. Defendant answering denies infringement and sets up certain prior art patents. The questions presented are the sufficiency of Paragraph 13 of the Amended Answer; the relevancy and propriety of certain interrogatories; and the sufficiency of Bills of Particulars.

Paragraph 13 of the original Answer was ordered stricken by the court. An Amended Answer has since been offered by defendant. Defendant states that "it (Paragraph 13 as amended) is intended to plead a defense of license by operation of law, as to the charge of contributory infringement." Defendant states the rule of law to be that "whenever a patentee grants a license, or lease, to use a patented machine, he may not, as a consideration of that lease, require that the lessee purchase useful unpatented materials from the patentee." Defendant cites Leitch Mfg. Co., Inc., v. Barber Co., Inc., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371, decided January 3, 1938, in which it was held that a process patentee can not maintain a suit to prevent the sale of unpatented materials useful in the process to the ultimate users. Defendant claims that the plaintiff can have no redress against the defendant for having sold unpatented materials to a process user. The paragraph 13 contains this statement: "Defendant avers, on information * * * that plaintiff complains because defendant has sold certain unpatented and old compositions of matter to lessees of the United Shoe Machinery Corporation." It appears that the United Shoe Machinery Corporation is the owner of the plaintiff company. It is not seen how paragraph 13 raises any issue. The argument of counsel, the decision of the Supreme Court in the Leitch Case, and the pleading itself are based upon the claim that defendant sells an "unpatented" article. This is not the alleged fact. No issue in this respect is tendered. The complaint charges

infringement by making, "using and selling compositions embodying the inventions patented in said Letters Patent and adapted and intended for use in infringement." The meat of this allegation is "compositions embodying the inventions patented." The very issue is whether the compositions embody the inventions patented, ånd, as plaintiff suggests, we are asked to assume a fact which awaits decision by the court. It is my opinion that the proposed amended paragraph 13 does not raise any issue and that it, therefore, should be disallowed.

■ In this connection it is proper to call attention to the fact that, upon the motion to strike paragraph 13 in the original answer, the objection to the paragraph was based upon the ground that it pleaded the Anti-Trust Laws (15 U.S.C.A. § 1 et seq.) as a defense. Conceding that the Anti-Trust Laws were not properly pleaded as a defense, counsel for defendant consented to striking out the paragraph. While proposed paragraph 13 makes no reference to the Anti-Trust Laws, as did old paragraph 13, the pleading alleges facts in substance the same as old paragraph 13 and acts constituting a violation of the Anti-Trust Laws.

■ Plaintiff moves to strike paragraphs 10 and 12 of the defendant's answer, for failure to comply with Revised Statutes, § 4920, 35 U.S.C.A. § 69, which requires that the defendant "state the names of the patentees and the dates of their patents, and when granted * * * alleged to have invented or to have had the prior knowledge * * ." Since this motion was made the defendant has filed particulars with respect to these matters required by such section. No exception has been taken to these, and the motion in this respect must be denied.

■ Plaintiff objects to paragraphs 16 and 18 of "Defendant's Amended Answer and Counterclaim." Paragraph 16 is somewhat vague and indefinite. The defendant's brief points out with greater particularness matters on which paragraph 16 is claimed to be based. The paragraph should state wherein the Letters Patent are indefinite. The objection is sustained. Paragraph 18 pleads in the phraseology of the first defense under section 4920, R.S., but it is too general to raise a triable issue. It might as well be urged by the defendant that the second to the fifth inclusive (so numbered parts of 69) could be pleaded in the language of the statute. This is not the law. Rees v. Lombard, 9 Cir., 21 F.2d 276; Eagleton Mfg. Co. v. West, etc., Co., C.C., 2 F. 774; Wilson v. Union Tool Co., D.C., 275 F. 624; Blake v. Stafford, Fed.Cas.No. 1,504. The defendant should state wherein the description and specifications of the patent are untruthful relative to the invention. Defendant can easily make a short and simple statement of them in an amended pleading.

While there may be some question relative to the sufficiency of paragraph 21 of the amended answer, it is thought that it should be sustained at this time.

The proposed amended answer and counterclaim is therefore permitted to be filed, subject however to the decisions hereinbefore made.

■ The new Rules of Civil Procedure fix the rights of the parties in respect to interrogatories. The practice established under old Rule 58, Equity Rules, 28 U.S.C.A. following section 723, pertaining to discovery has been significantly modified by new Rules 26 and 27, 28 U.S.C.A. following section 723c. Part (b) of Rule 26 expressly provides that any person whether a party or not "may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." The extent and limitation will await the construction of the courts. The motions pertaining to interrogatories herein are to be determined under the new rules.

Consideration will first be given to plaintiff's objections to defendant's interrogatories.

Interrogatories numbered 1 and 2 have been answered since the motion was made herein.

■ Interrogatories numbered 8, 9, 11 and 12 of defendant's supplemental interrogatories are directed to be answered. Plaintiff has withdrawn its objection as to these.

■ Interrogatories numbered 3 and 6 bring up flatly the question of the application of the new Rule 26. These interrogatories ask the plaintiff to give an analysis of defendant's composition alleged to infringe. Plaintiff has already specifically

designated the composition made and sold by defendant which it charges as infringements. With knowledge of the particular compositions charged to infringe, the defendant either knows the analysis or certainly is in a position to obtain such analysis. While the new rule provides that the witness may be examined with relation to any "claim or defense" of ·the examining party, and these interrogatories may come within that particular description, it seems to me the rule should be interpreted in the light of the needs of the examination and the purpose of the rules themselves. Neither such needs nor purpose justify this particular inquiry. Answer was not required under the old rule, A. B. Dick Co. v. Underwood Typewriter Co., D.C., 235 F. 300, and it should not be under the new.

■ Interrogatory numbered 4 should be answered. While the plaintiff has specifically designated the alleged infringing composition as the proof to which this interrogatory is directed, the inquiry seems to me to be material and not a mere detail as claimed by the plaintiff. This comes within the intent of the new rule. The force of the decisions in United Lace & Braid Mfg. Co. v. Barthels Mfg. Co., D.C., 213 F. 535, and Rowell v. Koehl Co., D.C., 194 F. 446, has been materially changed by the new rules.

■ Interrogatory No. 5 is evidently propounded in support of proposed amended paragraph 13 of defendant's counterclaim. In view of the conclusion heretofore made with respect to this paragraph, the interrogatory is not allowed.

■ Interrogatory No. 7 again brings to the fore the interpretation of the new rules. Interrogatory No. 7 should be allowed. I see no reason why the plaintiff can not state the latest date of sale of the composition of which it has knowledge at this time. It is true, as said by the plaintiff, the plaintiff can not now determine upon what sales it may hereafter be entitled to recovery upon accounting. The answer to this interrogatory, as heretofore indicated, in no wise disposes of its right as to future proof or future recovery. It is true, as stated by the plaintiff, proof of a single sale may be sufficient to establish infringement; but proof of sale may have a bearing by comparison.

■ Interrogatory No. 11 should be answered. At page 2, lines 51 to 57 of the patent in suit, reference is made to this particular application. It is not possible to say just what its bearing may be, but it seems to me the inquiry is properly within the intent of the rule.

We now come to the consideration of the interrogatories directed to the defendant. Interrogatory No. 1 should be allowed. Plaintiff's objections to this are met by the answer to defendant's interrogatory 1. This particular type of inquiry was held to be permissible under the old rule, A. B. Dick Co. v. Underwood Typewriter Co., D.C., 235 F. 300; John Wood Mfg. Co. v. Keiner-Williams Stamping Co., D.C., 4 F.2d 615; Cincinnati Traction Bldg. v. Pressed Steel Car Co., 8 U. S.P.Q. 76; Rowell v. Koehl Co., D.C., 194 F. 446, and it seems that it should under the present wider rule.

Interrogatories 2, 3 and 4 are allowed. This holding conforms to the decisions hereinbefore cited, and, further, the inquiry is within the limitations of the new rules.

■ Interrogatory No. 5 is allowed. It is my understanding that objection to this has been withdrawn.

■ Interrogatory No. 6 should be allowed. The defendant should answer this interrogatory insofar as it is able. If it is unable to state what was done with the specified compositions after they left defendant's control, it can so answer.

■ Interrogatory No. 7 should be allowed. As suggested by the plaintiff, it may be material upon the source from which defendant derives its formula. It may be material upon the question of infringement itself.

■ Interrogatories numbered 8 and 9 should be denied, for the reason that they are substantially required to be answered by interrogatories hereinbefore allowed.

Upon plaintiff's request for certain particulars (1) with regard to publications and patents relied upon by defendant (2) persons and corporations which had prior knowledge and use anticipating the patents in suit, defendant has made answer, and it is my understanding that this answer is agreed by plaintiff to be sufficient.

■ Defendant contends that it should not be required to give any further particulars with respect to demand (2) (c). The inquiry is, "Is there in existence anything, system or apparatus alleged to have been known and/or used prior to the invention of the patent in suit * * * or

any records, documentary or otherwise, concerning the same; and if yea, describe the same specifically * * *." Plaintiff contends that precedent for its interrogatory is found in A. B. Dick Co. v. Underwood Typewriter Co., supra. It seems to me this question need not be answered for the reason that it is covered by 2 (a) and 2 (b). Otherwise I would think it would be competent as coming within the interrogation " 'A' 3." A. B. Dick Co. v. Underwood Typewriter Co., supra.