**CARLSON et al. v. MATTHYSSE et al.**

United States District Court
S. D. New York.

July 21, 1953.

Curtis, Morris & Safford, New York City, for plaintiff.

Blum & Jolles, New York City, for defendants. Daniel Gersen, George M. Szabad, New York City, of counsel.

WEINFELD, District Judge.

Carlson and his assignee, Aircraft-Marine Products, Inc., co-plaintiffs, instituted this action against Matthysse and his assignee, Burndy Engineering Company, Inc. At issue is the patentability of certain electrical connectors. The corporate parties are competing manufacturers of such connectors. The individual litigants are inventors of the devices in question who respectively assigned their rights to the corporate parties. Plaintiffs by this action seek an adjudication that Carlson and not Matthysse was the prior inventor of the subject matter in question.

Plaintiffs propounded 37 interrogatories to the defendants with many subdivisions. The bulk of these have been answered without objection. The present motion concerns exceptions filed by the defendants to fourteen interrogatories. Defendants have grouped these into five categories. Group I was disposed of as indicated upon the argument of the motion. Group II has been withdrawn, but without prejudice to plaintiffs' right to obtain relief under other appropriate provisions of the deposition-discovery rules.

The remaining interrogatories are disposed of as indicated hereinafter:

*Interrogatory 23b*

"What characteristics of the brazed seams were regarded by defendant Burndy Engineering Company, Inc. as indicative of acceptable production and what characteristics as requiring rejection for improper brazing?"

As already noted in general terms, the invention herein relates to electrical terminals and methods by which the longitudinal seam on a terminal is sealed and reinforced by brazing abutting edges along the seam. The corporate defendant admits that during the course of production of the terminals it rejected a number for improper brazing.

■ It objects to interrogatory 23b on the ground that it calls for opinion and not facts. However, the interrogatory seeks to ascertain the standards applied by the defendants as the basis for rejection or acceptance of the finished product of manufacture. Undoubtedly, in the determination of whether the product meets the established standard, one exercises his judgment. But such exercise of judgment in the application of fixed criteria does not destroy the fact that specific criteria were applied.

*Interrogatory 28, 28a–k*

■ Interrogatory 28 is amended to read as follows:

"Did defendant Burndy Engineering Company, Inc. ever make any electrical terminals in the general form shown by figure #1 or figure #2 on the drawing No. A–9200, a copy of which was offered in evidence in U. S. Patent Office Interference No. 82,954 as Matthysse Exhibit H?"

and as so amended, it is allowed.

With respect to subdivisions of interrogatory 28, the following dispositions are made:

Subdivision "a" is allowed with the addition of the words "in general form" after the word "followed."

Objections to subdivisions "b," "e," "f," "h," and "i" are overruled.

Objections to subdivisions "c," "d," "j," and "k" are sustained.

Subdivision "g" is limited so that the corporate defendant will be required to furnish the names of only three customers to whom sales were made. This accords with the disposition made upon the argument of the motion under items included in Group I.

*Interrogatory 29, 29a–f*

■ Interrogatory 29 is amended so as to read as follows:

"Were type YBV terminals made by defendant Burndy Engineering Company, Inc. before June 12, 1943 in any general form other than that illustrated by drawing No. A–9407,

**52**

a copy of which was offered in evidence in said interference as Carlson Exhibit 70?"

and as so amended, it is allowed.

Objections to subdivisions "a," "c," and "e" are overruled.

Objection to subdivision "b" is sustained.

Subdivision "d" is modified to the extent that if the answer to interrogatory 29 is in the affirmative, defendants will serve a specimen or a drawing upon plaintiffs' attorney.

Subdivision "f" is limited so that the corporate defendant will be required to furnish the names of only three customers, in the event any of the items were sold.

At a conference with the attorneys it was suggested that the answer to interrogatory 29 may prove to be oppressive. If this does eventuate, leave is granted to the defendant to apply for a modification of this order with respect to said interrogatory.

*Interrogatories 34, 35a–c*

The defendants object on the single ground that "they call for the disclosure of pending patent applications." They rely on a Patent Office Administrative Rule which prohibits patent office officials from divulging information on pending patents and on cases before the agency. United States Patent Office, Rule 1.14, 35 U.S.C.A.Appendix, 37 C.F.R. 1.14.

Court rulings are to the contrary of defendants' assertion of privilege. See, e. g., Edison Electric Light Co. v. United States Electric Lighting Co., C.C., 44 F. 294, 299, point reaffirmed, C.C., 45 F. 55, 58–59; Diamond Match Co. v. Oshkosh Match Works, C.C., 63 F. 984, 985; Utah Radio Products Co. v. Delco Appliance Corp., D.C., 19 F.Supp. 143, 145; Rowell v. William Koehl Co., D. C., 194 F. 446, 447. See also 8 Wigmore on Evidence § 2212.

■ Since the defendants do not show any circumstance which requires secrecy in this case, the objections to interrogatories 34 and 35a–c are overruled.

Settle order on notice, which shall also include dispositions previously made.