FEDERAL MANUFACTURING & PRINTING CO. v. INTERNATIONAL BANK NOTE CO.

(Circuit Court, S. D. New York. October 7, 1902.)

1. EQUITY PLEADING—INTERROGATORIES.

The fact that interrogatories filed with a bill are not specifically referred to therein, in conformity to equity rule 43, does not excuse defendant from answering the same, where he is not prejudiced by the informality.

2. SAME—DISCOVERY—TRADE SECRETS.

A defendant cannot be required to answer an interrogatory requiring it to state how an article manufactured by it is constructed if not constructed as charged in the bill, where it states that such construction is a trade secret.

In Equity. On exceptions to answer.

Willis Fowler and William J. Gibson, for complainant.

Philipp, Sawyer, Rice & Kennedy, for defendant.

TOWNSEND, Circuit Judge. Complainant excepts to the answer because it fails to reply to nine interrogatories filed by the complainant. Defendant insists that the interrogatories are not referred to in the bill, and that the bill, therefore, does not conform to the requirements of rule 43 of the equity rules. It does not appear that the defendant is prejudiced by this informality, and the interrogatories may, therefore, be considered as part of the bill. Defendant makes no objection to the first eight interrogatories, other than as above stated. The ninth interrogatory is as follows: "(9) If said automatic wipers for plate printing presses were not so constructed, how were the same constructed?" Defendant objects to this interrogatory on the ground that it is not a proper one, and, further, on the ground that defendant is entitled to preserve the secrets of its manufacture, and that in defendant's special business such preservation of its secrets is peculiarly important. Complainant cites Coop v. Development Inst. (C. C.) 47 Fed. 899, 901; Id., 48 Fed. 239. This case involves a construction of a walking track of a gymnasium. Inasmuch as such tracks must be known to the general public, and the construction is easy of ascertainment, no such objection could have been raised in that case. In Gamewell Fire Alarm Tel. Co. v. City of New York (C. C.) 31 Fed. 312, also cited by complainant, the opinion does not specifically pass upon this question, and the interrogatory, as claimed by the complainant, differs substantially from the ninth interrogatory herein. In any event, defendant should not be required to answer this interrogatory, provided such answer would disclose trade secrets, and, as such is claimed to be the fact, it should be so stated. No costs will be taxed.