GRASSELLI CHEMICAL CO. v. NATIONAL ANILINE & CHEMICAL CO., Inc.

(District Court, S. D. New York. December 20, 1920.)

1. Witnesses ⚖═306—Corporate defendant cannot claim privilege to refuse to answer interrogatories.

   In a suit for infringement of a patent, and for treble damages, the defendant's claim of privilege to refuse to answer interrogatories as to infringement, on the ground that the action was penal, cannot be considered; the defendant being a corporation.

2. Patents ⚖═310(5)—Denial of infringement is submission to answer fully.

   Where the defendant has denied infringement in an answer, and has submitted to answer, it must answer fully; the original denial being a waiver of the claim of privilege.

3. Courts ⚖═347—Defendant can be required to answer interrogatories as to matters for which discovery would lie.

   Interrogatories under the fifty-eighth rule are the substitute for discovery, and plaintiff is entitled to have an answer to interrogatories equivalent to a discovery, to which plaintiff would have been entitled under the old practice.

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Patents ⬡➡310(5)—Interrogatories as to infringement need not be limited to language of claims.**

In a suit for infringement of a patent, interrogatories as to whether defendant practiced the invention need not be limited to the language of the claims, and ordinarily should not be, but can extend to any matter which would have been good in the charge of a bill under the old practice.

**5. Patents ⬡➡310(5)—Plaintiff can require revelation of trade secrets to ascertain infringement.**

In a suit for infringement of a patent, the right of plaintiff to ascertain whether defendant is infringing prevails over the right of defendant to protect its trade secrets, so that, where the patent is for a process, defendant can be compelled to answer interrogatories as to whether defendant used certain elements, which did not constitute the whole process, if the interrogatories were in good faith, notwithstanding defendant's claim that thereby its trade secrets would be revealed, especially where the interrogatories were questions which could have been propounded to defendant at the trial.

In Equity. Suit for infringement of a patent by the Grasselli Chemical Company against the National Aniline & Chemical Company, Inc. On defendant's objection to certain interrogatories propounded by plaintiff to it. Objections overruled.

The suit was upon two patents for chemical processes, and the interrogatories were directed toward learning whether the defendant had practiced the processes described in the claims. The prayer asked for treble damages, as is usual in such cases. The defendant answered, denying infringement. The interrogatories are 15 in number, and ask whether the defendant has made the product of the processes, and, if so, whether in so doing it has used different elements mentioned in the claims, but never the process as a whole. The defendant objects, first, because the suit is for a penalty; and, second, that the disclosure should be limited to the processes as a whole, though it has in effect answered such by the denial of infringement.

Charles Neave, of New York City, for plaintiff.
Pennie, Davis, Marvin & Edmonds, of New York City, for defendant.

LEARNED HAND, District Judge after stating the facts as above). [1, 2] The claim of privilege need not be considered; the defendant being a corporation. Hale v. Henkel, 201 U. S. 43, 74, 75, 26 Sup. Ct. 370, 50 L. Ed. 652. Besides, the defendant has denied infringement in its answer, and, having submitted to answer, must answer fully. The original denial was a waiver.

[3, 4] Interrogatories under the fifty-eighth rule are the substitute for discovery, and as the plaintiff would have been entitled to discovery as to whether the defendant practiced the invention, that being a part of the plaintiff's case, it is clearly entitled to have an answer to equivalent interrogatories. Moreover, these need not be limited to the language of the claims, and ordinarily should not be. Dick v. Underwood (D. C.) 235 Fed. 300.

It is proper for the plaintiff to interpret the claims as he asserts they should mean. That, however, does not answer the difficulty here, because the plaintiff wishes more than a categorical answer to the allegations of infringement. The plaintiff was never, under the old practice, compelled to accept the defendant's denial of the "stating" part of the

bill, and it was for this reason that the "charging" part was always added, containing evidence in proof of the "stating" part, which the defendant must answer. Anything which would have been good in the "charging" part of an old bill can now be obtained directly by interrogatories.

[5] The plaintiff must prove that the defendant is practicing a process made up of several elements. It would, it is true, be no evidence of that fact to procure an admission that it has practiced a process made up of some of these elements because that would not be the same process. But it would be material evidence to procure an admission that in its process, whatever that was, the defendant used certain of those elements. This the plaintiff could have "charged" in a bill, and the defendant would have had to answer it. Therefore it appears to me that it is not a valid objection to argue that the interrogatories do not cover all the elements of the patented processes. The evidence may turn out to be insufficient, but no one can say that it is immaterial, because it may fail completely to establish the plaintiff's case.

The defendant, however, urges that it should not be required to disclose its secret processes. No doubt the situation is difficult, on the one hand, to secure the plaintiff's right to get relevant evidence, and, on the other, to protect the defendant from disclosing secrets which are not material. In the end, the right of the plaintiff to bring out the truth must prevail, in so far as the inquiry is honestly limited to the actual issue of infringement. In the case at bar there can be no doubt that at the hearing the defendant would be obliged to answer the questions here propounded, and, if so, I can see no good reason to preclude that examination now. It is true that the result may be to compel the defendant to disclose how far it goes in the process, though it does not use the process as a whole, and that that may damage the defendant. That is, however, an inevitable incident to any inquiry in such a case; unless the defendant may be made to answer, the plaintiff is deprived of its right to learn whether the defendant has done it a wrong.

In Federal, etc., Co. v. International, etc., Co., 119 Fed. 385, it would at first blush look as though Judge Townsend had generally laid it down as a rule that a defendant might avoid answering on the ground that to do so he must disclose trade secrets; but the decision did not in fact go so far. There the interrogatory asked for a disclosure of the structure of the defendant's machine, in case it was not made in accordance with the patent. The interrogatory was certainly not relevant to the plaintiff's case, and, being oppressive, could not be enforced. No authority was cited for the general ruling that a defendant may refuse to answer a relevant interrogatory because it would disclose a trade secret.

Objections overruled.