**JOHN WOOD MFG. CO. et al. v. KEINER–WILLIAMS STAMPING CO. et al.**

(District Court, E. D. New York. February 11, 1925.)

Patents ⊕═292—Defendant in infringement suit may be required to disclose process used.

Under the rule of decision that defendant in an infringement suit may be required to produce a sample of its product and to state in detail the process of its manufacture, where pertinent, it may be required to make such disclosure in answer to interrogatories, though it involves disclosure of a secret process, when necessary to a determination of the issues.

In Equity. Suit by the John Wood Manufacturing Company and others against the Keiner-Williams Stamping Company and another. On motion to compel defendant named to answer interrogatories. Granted.

Schutte & Hegman, of Brooklyn, N. Y., for plaintiffs.

Kenyon & Kenyon, of New York City, for defendants.

GARVIN, District Judge. This is a motion to compel the defendant to answer interrogatories in behalf of plaintiff. The interrogatories to which real objection is made are numbered 5 and 6, and read as follows:

"(5) If the answer to any of the foregoing interrogatories is affirmative, please describe the method or process of making each container contemplated in such answer.

"(6) Please produce specimens of, or detailed illustrations showing, the construction of all forms of sheet metal containers of the type ordinarily used as milk or ice cream containers, manufactured for sale, or sold by defendants, or either of them, in the Eastern district of New York, or elsewhere within the United States, at any time during the period of six years prior to the filing of plaintiffs' bill herein, and describe the method or process of making each of such forms of containers."

The "foregoing interrogatories," referred to in interrogatory 5, read as follows:

"(1) State which, if either, of the defendants, manufactured or used or sold, within the Eastern district of New York, at any time within six years prior to the filing of plaintiffs' bill herein:

"(A) Sheet metal containers substantially like the container marked in this case as Plaintiffs' Exhibit 1.

"(B) Sheet metal containers substantially like the container marked in this case as Plaintiffs' Exhibit 2.

"(C) Sheet metal containers substantially like the container marked in this case as Plaintiffs' Exhibit 3.

"Each of said containers, Plaintiffs' Exhibits 1, 2, and 3, may be examined at any time during usual business hours at the office of Schutte & Hegeman, solicitors for plaintiffs, 189 Montague street, Brooklyn, New York.

"(2) State which, if either, of the defendants, manufactured or used or sold, in any part of the United States other than the Eastern district of New York, within six years prior to the filing of plaintiffs' bill herein:

"(A) Sheet metal containers substantially like said container marked in this case as Plaintiffs' Exhibit 1.

"(B) Sheet metal containers substantially like said container marked in this case as Plaintiffs' Exhibit 2.

"(C) Sheet metal containers substantially like said container marked in this case as Plaintiffs' Exhibit 3.

"(3) State which, if either, of the defendants, manufactured or used or sold, within the Eastern district of New York, at any time from January 22, 1924, to the date of filing plaintiffs' bill herein:

"(A) Sheet metal containers substantially like said container marked in this case as Plaintiffs' Exhibit 1.

"(B) Sheet metal containers substantially like said container marked in this case as Plaintiffs' Exhibit 2.

"(C) Sheet metal containers substantially like said container marked in this case as Plaintiffs' Exhibit 3.

"(4) State which, if either, of the defendants, manufactured or used or sold, in any part of the United States other than the Eastern district of New York, at any time from January 22, 1924, to the date of filing plaintiffs' bill herein:

"(A) Sheet metal containers substantially like said container marked in this case as Plaintiffs' Exhibit 1.

"(B) Sheet metal containers substantially like said container marked in this case as Plaintiffs' Exhibit 2.

"(C) Sheet metal containers substantially like said container marked in this case as Plaintiffs' Exhibit 3."

The plaintiff relies upon the case of A. B. Dick v. Underwood Typewriter Co. (D. C.) 235 F. 300, in which it was held that the defendant may be ordered to produce a sample of the product which it manufactures and to state in detail the process which it employs. To the same effect, in regard to

process employed, is McLeod Tire Corporation v. Goodrich Co. (D. C.) 268 F. 205.

The defendant strongly objects to any order compelling answers to these interrogatories, on the ground that a secret process is involved, to reveal which would be exceedingly injurious. The court recognizes the reason for the reluctance of the defendant to disclose its process; but such disclosure could be compelled at the trial even to the defendant's great embarrassment. Under the foregoing authorities it would seem that plaintiff is entitled to the relief sought.

The defendant relies upon Federal Manufacturing & Print Co. v. International Bank Note Co. (D. C.) 119 F. 385, Window Glass Machine Co. v. Brookville Glass Tile Co. (D. C.) 229 F. 833, and Marquette Manufacturing Co. v. Oglesby Coal Co. (D. C.) 247 F. 351. The true rule seems to be that a party need not give discovery, the effect of which will be to unnecessarily disclose a trade secret. It would seem that there is no real escape from the necessity of disclosing this process by defendants in the case at bar in order to make possible a correct determination of the issues.

The motion must therefore be granted.