UNITED STATES GYPSUM CO. v. PACIFIC PORTLAND CEMENT CO.

District Court, S. D. California, N. D. October 19, 1927.

No. 1705.

Patents ⟨⇒⟩292—Defendant held not excused from answering interrogatories as to process used, alleged to infringe, on ground that it is trade secret.

In suit for infringement of process patent, defendant cannot avoid answering interrogatories as to the process it uses on the ground that it is a trade secret; Rev. St. § 4908 (35 USCA § 56 [Comp. St. § 9453]) being inapplicable.

In Equity: Suit by the United States Gypsum Company against the Pacific Portland Cement Company. On motion to enforce answers to interrogatories. Motion granted.

Jones, Addington, Ames & Seibold, of Chicago, Ill., William K. White, and Chas. M. Fryer, both of San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, of San Francisco, Cal., and Lyon & Lyon, of Los Angeles, Cal., for defendant.

KERRIGAN, District Judge. Plaintiff in this suit filed its bill, alleging infringement of a patent concerning the manufacture of plaster, covering the addition of a deliquescent substance to gypsum for the purpose of "aging" calcined gypsum products. Subsequently plaintiff propounded certain interrogatories to defendant. Instead of following the procedure laid down in equity rule 58 for raising objections to interrogatories, defendant filed a single document containing answers to certain interrogatories and a "claim of privilege" as to the remaining interrogatories. This document was, however, filed within the time prescribed for objecting to interrogatories. Plaintiff now moves for an order to enforce answers to the unanswered interrogatories.

Plaintiff raises two technical objections to defendant's answers to the interrogatories as filed. The first is that, since defendant has answered in part, and has not followed the precise steps indicated by equity rule 58 for raising objections to interrogatories, defendant has waived all objections, and must be required to answer. It is true that defendant has not followed the best practice in this connection, but it did make its objections to answering certain interrogatories within the required time, and the grounds of the objections are clearly apparent from the document filed. I shall not require defendant to answer on this ground.

A second technical objection to defendant's answers is based upon the fact that a series of questions, all involving the matters as to which defendant claimed privilege, as set forth in the answers to preceding interrogatories, in the series, were answered:

"This is fully covered in the foregoing answers," without specific reference to the foregoing answers by number or other identification. This is said to be a breach of the requirement of equity rule 58 that "each interrogatory shall be answered separately and fully." Here again it appears that defendant may not have complied with the rule strictly construed, but plaintiff has not been misled. The interrogatories are not excessively numerous, and even casual reading of the answers makes it clear which previous answers made by defendant are being referred to. This court is not in sympathy with hyper-technical objections of this sort, and defendant would not be required to recast its answers solely upon such grounds, although greater accuracy of reference in answering interrogatories by reference is desirable.

The chief question on this motion to en-

force answers is as to the claim of privilege, which is based upon the fact that answers to the interrogatories objected to would necessitate the revelation of certain trade secrets. This claim of privilege is made by the vice president of defendant corporation, who describes himself as being in charge of operations, and as being technically trained in the methods of manufacturing plasters, and who answers the interrogatories on behalf of defendant. He states that from July, 1925, to March 9, 1926, defendant's mill at Plaster City did use a process which infringed upon plaintiff's patent, and that from August, 1925, to February 19, 1926, the same process was in use at defendant's mill at Gerlach. On the latter dates defendant discontinued the use of the infringing process at both mills, having received notice of infringement from plaintiff on or about January 4, 1926. This suit was begun June 8, 1926. After discontinuing the infringing process, and up to the date of the filing of suit by plaintiff, defendant alleges that it used a new and different secret process, on which application for patent is now pending. The vice president asserts that his technical training and experience qualify him to state that this new process is not covered by the claims of plaintiff's patent, in that defendant's process does not involve the use of any deliquescent substance. Plaintiff's interrogatories ask for the process in use by defendant up to the date of filing suit. Defendant's partial answers cover the process used up to March 9, 1926, and February 19, 1926, at its two mills, but defendant claims privilege against revealing the new secret process substituted for the infringing process and in use when suit was filed.

In considering this question, the first thing to be noted is that the provisions of section 4908, R. S. (35 USCA § 56 [Comp. St. § 9453]), to the effect that witnesses shall not be deemed guilty of contempt for refusing to disclose any secret invention or discovery made or owned by himself do not apply to the present case, but refer only to contested matters pending in the Patent Office. This matter is to be decided upon the general principles of equity.

The general rule governing the disclosure of secret processes in interrogatories is declared in Grasselli Chemical Co. v. National Aniline & Chemical Co. (D. C.) 282 F. 379, 381:

"The defendant, however, urges that it should not be required to disclose its secret processes. No doubt the situation is difficult, on the one hand, to secure the plaintiff's right to get relevant evidence, and, on the other, to protect the defendant from disclosing secrets which are not material. In the end, the right of the plaintiff to bring out the truth must prevail, in so far as the inquiry is honestly limited to the actual issue of infringement. In the case at bar there can be no doubt that at the hearing the defendant would be obliged to answer the questions here propounded, and, if so, I can see no good reason to preclude that examination now. It is true that the result may be to compel the defendant to disclose how far it goes in the process, though it does not use the process as a whole, and that that may damage the defendant. That is, however, an inevitable incident to any inquiry in such a case; unless the defendant may be made to answer, the plaintiff is deprived of its right to learn whether the defendant has done it a wrong.

"In Federal, etc., Co. v. International, etc., Co. [C. C.] 119 F. 385, it would at first blush look as though Judge Townsend had generally laid it down as a rule that a defendant might avoid answering on the ground that to do so he must disclose trade secrets; but the decision did not in fact go so far. There the interrogatory asked for a disclosure of the structure of the defendant's machine, in case it was not made in accordance with the patent. The interrogatory was certainly not relevant to the plaintiff's case, and, being oppressive, could not be enforced. No authority was cited for the general ruling that a defendant may refuse to answer a relevant interrogatory because it would disclose a trade secret."

See, also, John Wood Mfg. Co. v. Keiner-Williams Stamping Co. (D. C.) 4 F.(2d) 615.

Applying the doctrine of these cases to the present one, it is clear that defendant must answer the questions propounded. The matters inquired about are material and relevant. They must in any event be revealed at the hearing. Defendant has the presumptions against it in view of its prior infringement and secretiveness as to its present process. Rowell v. William Koehl Co. (D. C.) 194 F. 446. The fact that one of its officers has attempted to construe plaintiff's patent, and states that in his opinion defendant's process is not an infringement, cannot avail defendant. To hold to the contrary would be to permit the defendant in any patent suit to decide one of the major issues of the suit in advance of the trial by deciding the limits of plaintiff's patent, and whether or not defendant was infringing.

The motion to enforce answers to the interrogatories will be granted.

So ordered. Ten days to answer.