## STEINFUR PATENTS CORPORATION v. MOOS FUR DYEING CORPORA-TION et al.

### No. 5504.

District Court, E. D. New York.

Dec. 23, 1931.

Edward M. Evarts, of New York City (Morris H. Wolsky, of New York City, of counsel), for plaintiff.

Morris & Samuel Meyers, of New York City (James N. Catlow, of New York City, of counsel), for defendants.

INCH, District Judge.

The plaintiff's patents, here involved, have been duly adjudicated to be valid in prior suits against other parties. Plaintiff, at the time of filing its complaint in this suit, filed certain interrogatories.

There has been considerable delay in obtaining answers to these interrogatories. Whether this was due to plaintiff or defendant or both is now immaterial. Suffice it to say that during all this time defendants have never filed objections to these interrogatories.

On the contrary, it appears from the record of the court that on August 26, 1931, an order was granted on consent directing defendants to answer the said interrogatories. From then on there has been this delay in obtaining such answers. Thereafter a further order was obtained directing that answers be made. Plaintiff now applies for an order compelling the defendants to make a further and more adequate answer to one of the interrogatories, to wit, No. 56, which asks for a description of the process employed by the defendants in treating certain skins, etc.

The defendant's answer to this interrogatory is, in substance, that the process used by the defendants is a "secret" one, and cannot thus be obtained by interrogatories.

Reference is made by both parties to certain decisions on this point. Claude Neon Lights v. E. Machlett & Son (D. C.) 31 F.(2d) 983; Claude Neon Lights v. Rainbow Light (D. C.) 31 F.(2d) 988; Grasselli Chemical Co. v. Aniline, etc. (D. C.) 282 F. 379; John Wood Mfg. Co. v. Keiner-Williams Stamping Co. (D. C.) 4 F.(2d) 615; United States Gypsum Co. v. Pacific Portland Cement Co. (D. C.) 22 F.(2d) 180; A. B. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 F. 300.

There is no question but that at a trial the defense of an alleged secret process may be unavailing. Philadelphia Rubber Works Co. v. U. S. Rubber Reclaiming Works (D. C.) 225 F. 789, affirmed (C. C. A.) 229 F. 150. Walker on Patents, 6th Ed. (Lotsch) vol. 1, § 575.

The difference of opinion, if any, has arisen on the preliminary right to such disclosure. Even this may, in a proper case and in most instances, be protected by the procedure ordered by the courts to be followed.

However, there does not seem to me to be any substantial conflict in the decisions where the court has the slightest doubt about the good faith of the refusal to answer.

In the motion before me, there is every indication of a lack of good faith. Here the interrogatory asking for the process was set forth pursuant to an order entered on consent by the parties, without objection made or even indicated, a period of approximately six months allowed to pass without the defendants indicating in any way any such objection, and finally, after being again ordered by the court to answer, the objection is made on the ground that it will compel the disclosure of a "secret process."

Such a state of facts certainly is not that of a defendant who promptly and in good faith brings to the attention of the court the

danger of premature disclosure which might occur at this stage of a litigation, and which possibly, under proper circumstances, might be protected.

On the contrary, these facts clearly indicate an attempt to avoid answering an interrogatory, ordered by the court, on consent, and subsequently specifically directed to be answered, on a mere pretext.

Under such circumstances, the defendants are directed to answer the interrogatory in question, and the motion of plaintiff is granted.