## CATALIN CORPORATION OF AMERICA v. SLOSSE.

### No. 8323.

District Court, E. D. New York.

Nov. 22, 1939.

Alan N. Mann, of New York City, for plaintiff.

Edward Rager, of New York City (Margaret Mary J. Mangan, of New York City, of counsel), for defendant.

BYERS, District Judge.

These are cross motions, the plaintiff's being to confirm the reports of the Special Master, and that of the defendant, to reject them, and for a denial of the plaintiff's motion to punish the defendant for contempt of the decree and injunction dated August 27, 1937, and September 15, 1937, adjudging plaintiff's patent, Reissue No. 19170 of No. 1854600, valid and infringed, and enjoining the defendant from infringement.

The single issue referred to the Special Master was whether the defendant had been guilty of contempt, and the record has been reviewed solely to determine whether the evidence, adduced at the hearings, sustains his affirmative conclusion.

Federal Rules of Civil Procedure 53(e), subdivision (2), 28 U.S.C.A. following section 723c, enjoins the court to accept the Master's finding of fact "unless clearly erroneous".

The defendant has rendered a minimum of assistance to the court in its effort to conduct a critical study of the merits of the controversy.

There are six "objections", of which the second only is directed to the sufficiency of the evidence concerning defendant's conduct subsequent to the rendition of the decree and the actual receipt of a copy thereof by him.

■ The issue of alleged disobedience is the only matter requiring judicial determination, and yet the defendant and his counsel take the position that the court is to be relieved of the responsibility of decision, by the defendant, who says that his process is not that taught by the patent but, since it is a secret one, he need not disclose it, and there the matter must rest.

The defendant being called by the plaintiff, the following occurred:

"A. I have no patent, you know. I don't think it's fair to give you what I'm doing. Only I fight what I'm doing over there, because you want to put me in jail for now. I don't want to say nothing about what I'm doing. When the time come, I will.

"Q 32. Well, the time is right now.

"By Miss Mangan: Is it a secret process, Mr. Slosse?

"By the Witness: That's a secret process.

"By Miss Mangan: Is it protected by patent?

"By the Witness: No.

"By Miss Mangan: Then, under those circumstances, I believe, if the Court pleases, the witness is not compelled to testify.

"By the Master: Yes, he is.

"By Miss Mangan: I object, and I will ask the ruling of the Court on that, if your Honor pleases.

"By the Master: The question before me is what process did he carry out in Jersey or what process he carried out since the decree was signed.

"By Miss Mangan: Your Honor, since the defendant himself is a chemist and his process is a secret one and not protected by patent, I believe the authorities are clear that he does not have to testify as to his secret process, because he is jeopardizing his own interest in so doing and giving out his own secret process. By that very token, these records will become public records after this hearing is closed; and, beyond that, it does not prevent plaintiff bringing in other evidence.

"By the Master: Well, would you go so far as to say that, if his secret process is just what is covered by this patent, he should refuse to testify?

"By Miss Mangan: As a matter of fact, it is not what is covered by this patent; and, if he disclosed his secret process, Catalin might be very anxious to get that secret process, and I believe they are very anxious to get that process.

"By the Master: Well, I am going to find out just what he has done since the date of entry of that decree, and I will overrule the objection.

"By Miss Mangan: Exception."

"Q 57. In 1938, you changed your process?

"A. Yes.

"Q 58. In what way did you change it?

"By the Witness: In what way I changed it?

"By Mr. Mann: Yes.

"A. I was after something else—something big; and I find out how I can make the stuff in five hours instead of sixteen hours. That's the difference. You want to know something there, I don't want to talk about it.

"By Miss Mangan: Well, don't talk about it, if you don't want to."

"Q 90. And then you added some organic acid?

"A. Had to.

"Q 91. And got a layer of separation?

"A. Got a separation.

"Q 92. After the organic acid was added—

"By the Witness: I got something; I won't tell anybody that.

"(Question continued):—You extracted some water?

"A. Extracted some water—took water out."

Among the authorities omitted from defendant's brief in discussing the second objection, the following may be mentioned: Steinfur Patents Corporation v. Moos Fur Dyeing Corporation, D.C., 54 F.2d 813; Badische Anilin & Soda Fabrik v. A. Klipstein & Co., C.C., 125 F. 543, at page 557; Philadelphia Rubber Works Co. v. United States Rubber Reclaiming Works, D.C., 225 F. 789, at page 794.

I was called upon to deal with a similar refusal, by an alleged infringer, to disclose his "secret process" in Steinfur Patents Corporation v. Meisel-Galland Co., Inc. et al., D.C., 27 F.Supp. 737, at page 741, and believe that the record under examination calls for a disposition of the issue as stated in that case, in view of Flood's testimony respecting Exhibit 4.

This conclusion is the more appropriate, since it is quite apparent that the defendant feels himself entirely at liberty to overrule this court and the Circuit Court of Appeals (Catalin Corporation of America v. Catalazuli Mfg. Co., D.C., 11 F.Supp. 603, and Id., 2 Cir., 79 F.2d 593) as to the validity of plaintiff's patent.

He deposed as follows:

"Q 78. So, your position is that you don't, have to pay any attention to that patent (the one in suit) because the patent is no good?

"A. Certainly no good, and I can prove it. I have witnesses—I can subpoena those witnesses that buy that patent—that I can buy that patent before they buy that patent for $1100."

It is difficult to see how the Master could have made any finding other than as stated in his report, since the defendant put in no evidence.

Apparently sight has been lost of the fact that this is a proceeding in equity in which the functions of the court are directed primarily to the ascertainment of the truth in a given controversy, and that technical obstacles which are mistakenly interposed to thwart that effort seldom serve their avowed purpose.

The criticisms directed at the Master, which pervade the defendant's objections and brief, find little or no support in the record.

Much is sought to be made of the reception of plaintiff's Exhibit 10. Clearly it should have been received in evidence, without regard to its origin, as a standard of comparison selected by the defendant while giving his testimony, quite without suggestion from the plaintiff's attorney, or any one else. If the statement of counsel was not acceptable on a matter which could have been established so easily as the origin of that article, proof of course could have been taken with meticulous deference to all legal niceties.

Nor is it thought that there is anything impressive about the defendant's arguments concerning the consent decree. The fact is undisputed that he signed it. Whether on a later occasion he was willing to acknowledge his signature before a notary public, is unimportant, when it is further observed that he admits actual receipt of a copy of the decree, and has never sought to have it vacated, prior to the time when he was charged with infringement.

No substantial error appearing, the motion to confirm the Master's report will be granted, and the contra motion denied.

Upon the settlement of the order, counsel are requested to submit short memoranda on the subject of an appropriate fine to be imposed upon the defendant, and the Master's fee and costs.

The court is aware that the defendant is apparently a person in modest circumstances, who for one reason or another feels free to take the law into his own hands.

The penalty to be imposed should be only of such dimensions as may be calculated to impress upon his mind the fact that a court decree must be obeyed, even though it does not enlist his approval.

Settle order.