### LENERTS et al. v. RAPIDOL DISTRIBUTING CORPORATION.

District Court, N. D. New York.

Oct. 21, 1942.

Garey & Garey, of New York City (William R. Rawick and A. J. Nydick, both of New York City, of counsel), for plaintiffs.

John W. Trapp, of New York City, for defendant.

MANDELBAUM, District Judge.

This is an action for damages resulting to the plaintiffs, husband and wife, as a

result of the personal injuries alleged to have been sustained by the wife when she used Rapidol, a hair dye manufactured and sold by defendant. The complaint charges that Rapidol is inherently dangerous.

Plaintiff served notice on defendant that an examination before trial would be held to take deposition of such officers, directors or managing agents in charge of different phases of defendant's business.

Plaintiffs heretofore have also propounded interrogatories to be answered by the defendant.

The defendant moves to restrict the scope of the examination before trial and to limit the interrogatories propounded by plaintiffs.

■ The notice of examination is sufficiently clear under Rule 30(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and need not state the subject matter upon which the examination is sought.

■ The interrogatories propounded are disposed of as follows: With respect to defendant's formula, it is improper to require the defendant to reveal a secret formula or a trade secret in a case of this nature. However, to compel defendant to reveal the ingredients of its product is not to force the revelation of secret processes, concealed methods of compounding and the like. The latter would be protected under Rule 30(b) of the Federal Rules of Civil Procedure; the former not. Therefore, the defendant is directed to tell the plaintiffs merely the ingredients of its product.

■ It is not necessary for the defendant to answer 1(c) of the interrogatories, as this calls for a conclusion on the part of the defendant, and one which Rule 30(b) would not permit.

■ On the other hand, 1(d), which requires the defendant to detail the manner in which its product should be used, is to stand.

Interrogatory 3 and its subsections are proper subjects of examination and would not be unduly annoying, embarrassing or oppressing to the defendant.

■ Interrogatory 4 and its subsections, all dealing with Federal Trade Commission proceedings, as well as interrogatories 5, 6 and 7, with their subdivisions are disallowed.

Motion granted to the extent above indicated.