## HOLLER v. GENERAL MOTORS CORPORATION.

### No. 12102.

District Court, E. D. Missouri, E. D.

Jan. 7, 1944.

Ford Thompson, of St. Louis, Mo., for plaintiff.

Geo. T. Priest, of St. Louis, Mo., for defendant.

DUNCAN, District Judge.

Plaintiff has filed a motion asking the court to "apply the consequences provided by Rule 37", and as grounds therefor, alleges defendant's failure and refusal to comply with certain orders heretofore made by the court respecting the answers to interrogatories propounded to the defendant under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This is the third time the question respecting such answers has been before the court, and the third judge before whom the matter has been argued. The first time the question was before the court was on November 10, 1942 when plaintiff's motion to impose penalties under Rule 37 for failure to properly and fully answer interrogatories was sustained, and the court entered "an interlocutory judgment by default" against the defendant and ordered that the case be set down for trial before a jury on the question of the assessment of damages. The trial resulted in a disagreement, and later the case was transferred to this division of the court.

Thereafter, on May 3, 1943 the default judgment, upon motion of the defendant, was set aside After the imposition of the penalty—judgment by default—and the failure of the jury to agree upon the question of damages, the plaintiff filed his motion to require the defendant to properly and fully answer his interrogatories. That motion was sustained on August 20, 1943 and thereafter on October 12, 1943 and within the time allowed by the court, defendant filed its additional answers to plaintiff's interrogatories.

On October 20, 1943 plaintiff filed the motion now under consideration, asking the court to find that defendant had not complied with the findings and rulings made on November 10, 1942—the day the judgment by default was entered—and that defendant be held amenable to Rule 37, and that the court "apply the consequences" provided by that rule.

At the time the judgment by default was entered, the court made certain findings and conclusions, the findings and conclusions upon which the default was entered, but the court did not order the defendant to file additional answers. In fact, no opportunity was afforded the defendant at that time to do so. It was not until after the default judgment was set aside that the order to file additional answers was made upon the defendant. That order was complied with on October 12 before the motion now under consideration was filed.

The findings made by the court on November 10 respecting the insufficiency of the answers, as heretofore stated were the basis of the court's action in rendering default judgment which was later, in this division of the court, set aside. The findings made at that time, in view of the later orders, are certainly not before the court at this time. As a matter of fact, the court's order on November 10 did not require any affirmative act whatsoever on the part of the defendant.

Counsel for plaintiff in his oral argument, as well as in his motion, vigorously attacks the sufficiency of the answers made under Rule 33[1] and insists that defendant is wilfully attempting to evade properly and

---

[1] "Rule 33. Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories

fully answering such interrogatories. The interrogatories are numerous and lengthy and call for much information concerning the financial structure of defendant and its subsidiaries, and also as to the identity of plaintiff's employers and the conditions surrounding his places of employment over a period of many years. All of the information sought was within the knowledge of the defendant.

 First, plaintiff insists that the individual who answered the interrogatories on behalf of defendant was not an officer "competent" to testify for the defendant. The person who answered the questions on defendant's behalf and made oath thereto, identified himself as "Divisional Comptroller of General Motors Corporation", the defendant. The object of the interrogatories was to obtain information in possession of the defendant—information necessary to prepare plaintiff's case for trial. The information sought was intended to be binding upon defendant, a corporation, so far as plaintiff is concerned.

If plaintiff desires to have the testimony of an officer of the corporation, or an employe thereof, he certainly can obtain it by proceeding under Rule 31, "Depositions of witnesses upon written interrogatories." The provision of the rule with respect to the person who may answer interrogatories and make oath thereto is rather broad, as it should be. After all, the responsibility for answering the interrogatories is upon the person or the corporation to which they are directed, and why, in the case of a corporation, should it, in its corporate capacity, not be the best judge as to the identity of the person to make answers for it? After all, it is the only one to be bound by the answers, and the only one to meet the responsibility arising from such answers.

In this case, the interrogatories were filed and served in accordance with the rules of this court. The answers were made and served and filed in accordance with the rules and orders of this court. They have become a part of the record in this case. Certainly under the circumstances the defendant would be estopped to deny the authority of the person chosen by it to speak for it, or to deny the truthfulness of the answers. By its own acts it

has made such person competent to testify in its behalf, even though such person might otherwise not have been competent to do so.

Assuming the answers to his interrogatories to be full and sufficient, what more could plaintiff ask?

Now as to the second ground of the complaint—the sufficiency of the answers: On November 10, 1942, the first judge to whom the question was submitted, found that the answers, especially as to certain of the interrogatories, were not sufficient, and imposed a penalty upon defendant. Later that penalty was set aside, and an order made upon defendant to make additional answers, and this was the only such order ever made upon defendant to make additional answers. Those answers have been made, served and filed in accordance with that order.

A reading of the interrogatories and the additional answers thereto indicate that such interrogatories have been fully and sufficiently answered. Therefore plaintiff's motion is overruled.

---

have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the delivery of the interrogatories, unless

the court, on motion and notice and for good cause shown, enlarges or shortens the time. * * *"