**SIKES CO., Inc. v. SWIFT & CO.**

Civ. A. 3774.

United States District Court
W. D. New York.

May 24, 1949.

See also 10 F.R.D. 68.

Kimball, Smith, Miller, Murphy & Roberts, of Buffalo, N. Y. (Clayton M. Smith and James R. Ulsh, Buffalo, N. Y., of counsel), for plaintiff.

· Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y. (Robert M. Hitchcock, Buffalo, N. Y., of counsel), for defendant.

KNIGHT, Chief Judge.

The questions here concern the allowance and the sufficiency of answers to certain interrogatories proposed pursuant to the Federal Rules of Civil Procedure.

I have in mind the liberal construction generally given the rules involved here. The intent of the draftsmen was that they were to be so construed. This does not mean that every question propounded must be answered. In liberally construing the section, the court must have in mind that many inquiries may seem to have no relation to the subject at hand, and yet they may. If the inquiry is to matters clearly irrelevant, the party should not be compelled to answer. There are also certain inquiries that may be privileged.

The plaintiff here has propounded upwards of 60 interrogatories. They have largely been answered quite fully. Plaintiff objects to 10 of the answers, as not sufficiently full and complete. Defendant has not answered 4 other interrogatories, on the ground that they are not relevant. As to 2 of the latter on the further ground that they seek the disclosure of a secret process.

The defendant objects to plaintiff's interrogatories Nos. 2(a), 3(a), 1(b) and 8(d) on the ground that they are either privileged or not relevant or both.

Interrogatory No. 2(a) requests the formula from which Glu-Bond was manufactured at the time it was sold to the plaintiff. It is claimed that the formula is both privileged and not relevant. It is believed that it is privileged. See Fed. Rules Civ.Proc. rules 26(b), 30(b), 28 U.S. C.A. There are decisions both for and against this request. The weight of the authority is that it is privileged. See: Lever Bros. Co. v. Proctor & Gamble Mfg. Co., D.C., 38 F.Supp. 680, and the numerous cases therein cited. Lenerts v. Rapidol Distributing Corp., D.C., 3 F.R.D. 42; Segal Lock & Hardware Co. v. Federal Trade Comm., 2 Cir., 143 F.2d 935, 937.

*Further* Interrogatories Nos. 2(b), (c), (d) suffice as answers. Only ingredients need to be shown. Lenerts v. Rapidol Distributing Corp., supra. It is not necessary to pass upon the relevancy of these interrogatories.

Interrogatory No. 3(a) is disallowed. The decision as to Interrogatory 2(a) above is a sufficient answer.

■ Interrogatory No. 1(b) asks the defendant to give the name and address of each of its subsidiary corporations, together with the nature of the business carried on by each. It appears that no affiliate or subsidiary of the defendant actually manufactured or sold Glu-Bond. Plaintiff urges that "It is entirely probable that many of the raw materials which were used in the manufacture of Glu-Bond * * * were sold * * * to Swift & Company by its subsidiaries or affiliates." It is pointed out that the interrogatory does not ask for such information. The interrogatory is disallowed.

■ Interrogatory 8(d) asks the names and addresses of the furniture manufacturers (a) who discontinued the use of Glu-Bond, together with their reasons therefor, also names of such manufacturers (b) who are now using it. If the defendant can state the names of the parties to whom it sold Glu-Bond at or about the time of the sale to the plaintiff, it must so state. In other respects the interrogatory is disallowed.

■ Interrogatory 1(e) asks the defendant to state each and every medium employed by the defendant, or its subsidiaries or affiliates, to sell Glu-Bond to the public together with date it was first offered for sale.

This interrogatory is sufficient when considered in connection to answer to interrogatory 1(f).

Interrogatory 1(f) asks the defendant to attach copies of all of its advertising which appeared in newspapers, magazines or trade journals. It is sufficient if the defendant states the newspapers, magazines or trade journals, if any, in which it advertised, other than those listed in the plaintiff's amended answer to defendant's interrogatory 8(c).

■ Interrogatory 3(b) requests the name and address of each officer and employee in charge of the development and production of Glu-Bond before it was offered for sale to the public, setting forth specifically what each one did. The individuals named were in charge of the development and production of Glu-Bond in the light of the question and the answer. The answer is sufficient. When defendant gave names and titles in answer to this interrogatory, the necessary conclusion from this is that they were in charge of the development and production.

Interrogatory 4(f) asks what recommendations, etc. were given to the plaintiff for the application of Glu-Bond. This is a very broad interrogatory. Interrogatory 4(b), (c), (e) answer in part the inquiry. It is also partially answered by the last paragraph in 4(i). I take it that the word "advised" as included in the answer to 4(f) is the equivalent of recommendation, suggestion, direction or instruction.

■ Interrogatory 4(i) requests statement of what tests defendant claims the plaintiff should and could have made and what instructions, if any, were given as to tests. This is partially answered by the answer to Interrogatory 4(f). It is categorically denied in the answer. This interrogatory is disallowed.

Interrogatory 5(f) asks defendant to furnish copies of all correspondence, reports, memos or other communications between the defendant and its representatives regarding the sale of Glu-Bond to the plaintiff or its use. Defendant has given an answer to this inquiry which seems sufficient. Presumably the reports etc. submitted include all of the correspondence etc. relative to this sale. Plaintiff asserts there is no exhibit 5(f) (i). Referring to interrogatory 5(f), it will be seen that exhibit 5(f) (i) is a memo dated June 15, 1946. That is the first in number of the exhibit in the defendant's answer. Second page un-numbered evidently was intended to be numbered 5(f) (2). Dismissed.

■ Interrogatory 9(a), (b), (c) require production of correspondence etc. between defendant and its representatives, between plaintiff and defendant, and between the plaintiff and defendant's representatives. As to correspondence between the defendant and its representatives, see Interrogatory No. 5(f), supra. All correspondence between the parties relative to the sale of

the Glu-Bond should be produced. It is to be said in this connection, however, that it would seem likely that the plaintiff has in its own files the correspondence between it and the defendant. All correspondence between the parties relative to the sale of the Glu-Bond should be produced.

■ Interrogatory No. 10 asks defendant to state in what respect plaintiff was negligent. Referring to defendant's answer alleging negligence, the plaintiff asserts "Presumably it (defendant) had information on which to base these allegations (negligence), unless they are pure hope of speculation." Defendant asserts that the Glu-Bond was capable of producing the results intended. It is defendant's contention that it was not processed and applied properly. How it was applied is within the knowledge of the plaintiff. Defendant will not be required to answer this interrogatory.