## GLICK v. McKESSON & ROBBINS, Inc.

### No. 6138.

United States District Court
W. D. Missouri, W. D.
March 15, 1950.

478

Ilus W. Davis, William J. Burrell, Dietrich, Tyler & Davis, Kansas City, Mo., for plaintiff.

Don M. Jackson, Frank O. Benson, Kansas City, Mo., for defendant.

RIDGE, District Judge.

Plaintiff has propounded 18 interrogatories to defendant. Objections have been lodged to 5 of them. Defendant has not made answer to those interrogatories as to which no objection has been made. Under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., only answers to interrogatories to which objection has been made may be deferred for longer than 10 days. Interrogatories not objected to should be answered within the time and in the manner designated in said rule.

The substance of the objection made by defendant to the propounding of Interrogatory 3, is that "it requires defendant to reveal secret trade processes;" to numbers 4 and 5, is that they seek "detailed and technical information," are "unduly burdensome and onerous" and "irrelevant to the issues" and call "for information best available to plaintiff by deposition;" and to Interrogatories 6 and 7, is that they call for information "entirely irrelevant."

 It is no valid objection to interrogatories propounded under Rule 33, supra, to merely state that they are irrelevant to the issues. "Interrogatories may relate to any matter which can be inquired into under Rule 26(b)" Federal Rules of Civil Procedure. Under said Rule 26, a party may take depositions on any subject which might conceivably have a bearing upon the subject-matter of an action, whether or not the facts inquired into would support the relief claimed. Bloomer v. Sirian Lamp Co., D.C., 4 F.R.D. 167. Therefore, the relevancy of interrogatories is to be determined by their relevancy to the proceedings and subject-matter and not relevancy to the issues in an action. "Fishing expeditions" for evidentiary facts are permitted under the Federal Rules of Civil Procedure. So long as interrogatories relate to the subject-matter of an action, and may lead to relevant facts, they are proper. Gutowitz v. Penn. R. Co., D.C., 7 F.R.D. 144. Consequently, the scope of examination by interrogatories is as broad as examination of witnesses by deposition under Rule 26, and it is no valid objection to allege that the information called for in interrogatories is "best available to plaintiff by deposition."

 Under Rule 30(b), orders for the protection of parties and deponents at the taking of depositions and in answering interrogatories may be entered. To secure the protective measures provided for in that subsection, it is incumbent that a showing of "good cause" be made establishing some plainly adequate reason therefor. The bare statement, expressing a desire on the part of a party required to make answer to interrogatories, that answers thereto be limited, without a practical and substantial reason shown to exist, revealing some injustice, prejudice, or consequential harm if answer thereto is required, is of no importance. The vitalizing element of "good cause" as used in Rule 30(b), supra, is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action.

 By Interrogatory No. 3, plaintiff requests information as to "what were the ingredients used * * * in the manufacture of Tartan, and in what proportions was each ingredient used?" Defendant claims that to make answer thereto would require it to reveal secret trade processes, citing E. I. duPont deNemours & Co. v. Byrnes, D.C., 1 F.R.D. 34, as authority not requiring it to reveal such process. Plaintiff, relying upon cases holding to the general view that under old equity rules disclosure of secret processes is no valid objection to discovery in patent cases, cites Grasselli Chemical Co. v. National Aniline & Chemical Co., D.C., 282 F. 379; Claude Neon Lights, Inc. v. Rainbow Lights, Inc., D.C., 31 F.2d 988, and U.S. Gypsum Co. v. Pacific Portland Cement Co., D.C., 22 F.2d 180, as authority requiring answer to be made to said interrogatory by defendant. We do not consider any of the above-cited authorities to possess dogmatic rulings, such as the parties attach to them, as being dispositive of the instant objections. All

said authorities were rendered in patent infringement cases. The case at bar sounds in tort. The ultimate factual issue resolves around whether plaintiff was injured by the ingredients in "Tartan", a suntan lotion, after application thereof to her arms in accordance with instructions allegedly given by the manufacturer, the defendant herein. The interrogatory here considered is "double-barrelled". The first part calls for the ingredients of "Tartan"; the latter part for the "proportions" of such ingredients. The gist of plaintiff's cause of action is that she was harmed by reason of the ingredients of "Tartan". The ingredients of Tartan are, therefore, apparently relevant to the factual issues in this case and plaintiff is entitled to discovery thereof, from defendant. Manifestly, the tail of said interrogatory calls for the "trade process" by which defendant manufactures Tartan. No showing is here made as to how, or in what manner, the "process" by which Tartan is manufactured is relevant to any factual issue and hence should be made known to plaintiff. The allegation of defendant that it is a "trade process" is, in the absence of any such showing by plaintiff and from the nature of the instant action, sufficient to secure for defendant the protection afforded to secret process by Rule 30(b) and defendant may retain the secrecy thereof, at this stage of these proceedings. The better reasoned view is that secret formula in tort actions need not be revealed; that only the ingredients of the product, the subject of such actions, should be disclosed. Cf. Lenerts v. Rapidal Distributing Corp., D.C., 3 F.R.D. 42; Sikes Co. v. Swift, D.C.W.D. N.Y., 9 F.R.D. 19.

Interrogtory No. 5 seeks information as to any tests made by defendant of "Tartan", "to determine whether it was so manufactured as not to be injurious to the skin of humans." Defendant claims to make answer thereto would require "detailed and technical information and is therefore unduly burdensome." The burden is on the party objecting to interrogatories to show that the information called for is privileged, not relevant, or in some other way not the proper subject of an interrogatory." Bowles v. Safeway Stores, Inc., D.C., 4 F.R.D. 469; Blanc v. Smith, D.C., 3 F.R.D. 182. We cannot from Interrogatory No. 5 ascertain any privilege, or burden to defendant, by the mere propounding thereof. If any "tests" as therein referred to were made, defendant would undoubtedly have a record or report of same. If so, the extent of any research it would be required to make would merely be to examine such record or report and respond to said interrogatory accordingly.

Defendant's objections to interrogatories propounded by plaintiff are ruled as follows:

Defendant need not disclose its "trade process" as requested in Interrogatories 3 and 4. Defendant should, however, answer the first portion of Interrogatory No. 3, by stating "the ingredients used by (it) in the manufacture of Tartan."

Objections to Interrogatories 5, 6 and 7, are overruled. It is so ordered.