**REED v. SWIFT & CO.**
No. 6771.

United States District Court
W. D. Missouri, W. D.
March 23, 1951.

Marcy K. Brown, Ben E. Pener, Kansas City, Mo., for plaintiff.

Henry W. Buck, W. H. Curtis and Morriton, Hecker, Buck, Cozad & Rogers, all of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Plaintiff has propounded nine interrogatories to defendant. Objections have been lodged to those numbered 5 through 9, on the ground that they "request information which is not material or relevant to the subject matter of this action or to the issues involved herein; and the assembling of the information requested would be unduly onerous and burdensome to this defendant."

1. A mere statement that interrogatories are irrelevant to the issue is no valid objection, Glick v. McKesson & Robbins, D.C., 10 F.R.D. 477, and the only way for this court to determine if the interrogatories here objected to are irrelevant to the subject matter would be to have the information requested in the interrogatories before the court. It is quite permissible for parties to engage in "fishing expeditions." See Glick v. McKesson & Robbins, supra. It is much more desirable to allow discovery of facts which may prove to be irrelevant and immaterial than to deny discovery which may bring to light facts which are more material to the issues than any facts theretofore known. In Hickman v. Taylor, 329 U.S. 495, loc. cit. 507, 67 S.Ct. 385, loc. cit. 392, 91 L.Ed. 451, the court said, "* * * either party may compel the other to disgorge whatever facts he has in his possession."

This court recently sustained objections to interrogatories on the ground that assembling the information would be unduly burdensome. See Onofrio v. American Beauty Macaroni Co., D.C., 11 F.R.D. 181. In that case, the defendant propounded a number of interrogatories to the plaintiffs asking for a wealth of information concerning operations of defendant's business over a period of several years. The information desired could only have been obtained by making a complete audit and inspection of the books and records which were in the custody and control of the party propounding the interrogatories. That situation does not exist in this case. It should not require much time and effort on the part of this defendant to determine which of its own products it was distributing or selling in a definite area at a definite time, nor should it be too arduous a task to determine who its own distributors and salesmen were in that area at that time. All lawsuits require work and expense on the part of the litigants and this objection can

be sustained only where the request is so burdensome or expensive as to be unreasonable. Onofrio v. American Beauty Macaroni Co., supra.; Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635. The objections referred to will be overruled.

2. Interrogatory Number 7 is further objected to on the ground that the information requested is privileged and that it demands disclosure of secret formulas and trade secrets. As to that part of No. 7 requesting the formula, only the ingredients need be shown but not the manufacturing process. Glick v. McKesson & Robbins, supra; Sikes Co., Inc. v. Swift & Co., D.C., 11 F.R.D. 315. The interrogatory will be answered with the variation set out above.

3. Interrogatory No. 9 is further objected to on the ground that it asks for information which is privileged and for disclosure of information acquired by defendant in preparation of its defense. This objection is sustained to the extent that defendant need not attach copies of any statements taken by it to its answers. However, if defendant has taken statements in connection with this case, it must furnish the plaintiff with the names and addresses of the persons from whom the statements were taken. Hickman v. Taylor, supra.