**UNITED STATES of America, Libellant,**

v.

**42 JARS . . . "BEE ROYALE CAPSULES * * *", Claimant.**

**Civ. A. No. 1212–57.**

United States District Court
D. New Jersey.
June 11, 1958.

Chester A. Weidenburner, Newark, N. J., U. S. Atty., by Jerome D. Schwitzer, Asst. U. S. Atty., Newark, N. J., for

libellant, Alvin Gottlieb, Washington, D. C., of counsel.

Platoff, Platoff & Heftler, Union City, N. J., for claimant, Bass & Friend, New York City, of counsel.

HARTSHORNE, District Judge.

Libellant, United States Government, has seized a quantity of "Bee Royale" capsules, under the provisions of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 334(a), as having been misbranded. It also claims that the said product was a "new drug" within the meaning of the statute, 21 U.S.C.A. § 321 (p) (1), as to which statutory conditions precedent had not been taken by their producers and owners. Bee Royale, Inc., a New York corporation, now appears as owner and claimant and, after its application for summary judgment was denied herein,[1] filed objections to a series of interrogatories asked of it, as discovery, by libellant. The point presently raised by claimant against these interrogatories is that they deny it the constitutional privilege of freedom from self-incrimination. U.S.Const. Amendment V.

However, it will be noted that claimant is not an individual but a corporation. It has long been the established law that a corporation cannot claim the privilege of freedom from self-incrimination. This is because this constitutional privilege was designed to protect a natural person from being condemned out of his own mouth by governmental compulsion, torture, star chamber proceedings, and the like, as practiced in England before the American Revolution. Therefore this privilege did not apply to a mere artificial person, created by the State, to enable that person to set at naught its obligations to its creator. Hale v. Henkel, 1906, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; United States v. White, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; Oklahoma Press Pub. Co. v. Walling, 1946, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; Curcio v. U. S., 1957,

---

1. See this Court's opinion, United States v. 42 Jars . . . "Bee Royale Capsules * * *", D.C.N.J., 160 F.Supp. 818.

354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225. Furthermore, this privilege of freedom from self-incrimination is a purely personal one, which can be claimed only by the person who is sought to be incriminated, and not by him on behalf of third parties, Rogers v. U. S., 1951, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344.

It will further be noted that the sole party that is called on to answer these interrogatories under the Rules is this same corporation, the claimant. Thus, assuming that the duty of this corporation to answer these interrogatories amounts to a compulsion similar to that of a subpoena, Bowles v. Trowbridge, D.C.Cal.1945, 60 F.Supp. 48, it is quite clear that this party, solely under compulsion, has no right to plead this privilege.

True it is that the answer of this corporation to this interrogatory must be sworn to by some individual, who is its "officer or agent, who shall furnish such information as is available to the party." F.R.C.P. 33, 28 U.S.C.A. Of course, if any such officer or agent, who is directed by the corporation to make these answers, can establish that such answers will incriminate him, he can refuse to answer them, because of his right to avail himself of the aforesaid privilege. United States v. White, supra. But if the corporation select such a person to answer these interrogatories, and, because of his pleading this privilege, these interrogatories are therefore not answered, the corporation itself will be in default, for not making the requisite discovery under the Rules. It will thus be the clear duty of the corporation to select an officer or agent for the above purpose, who will not have personally participated in anywise in any such questionable transaction, and who thus cannot be incriminated by such answers. This the corporation can easily do under its broad corporate powers, using even its attorney, for instance, whose duty it would then be to "furnish such information as is available to the party"—the sum total of the corporate information. 2 Barron & Holtzoff, Fed.Practice & Procedure, § 774; 4 Moore, Fed.Practice, 2nd ed., § 33.07; Holler v. General Motors Corp., D.C.E.D. Mo.1944, 3 F.R.D. 296; Societe Internationale etc. v. McGranery, D.C.D.C. 1953, 14 F.R.D. 44, 50.

Nor is this officer or agent, appointed by the corporation for that purpose, then acting as an individual, under compulsion of the Government or of this Court. The interrogatories are addressed not to him but to the corporation. He answers solely because of his undertaking so to do at the sole instance of the corporation. He is free to refuse the request of his employer, the corporation, in that regard. But, of course, if he refuses such corporate request, that leaves the corporation in default as to its duty to make discovery, and subject to the sanctions provided by the Rules in such event. F.R. C.P. 37.

Nor, when such an officer or agent of the corporation, who will not be incriminated by making that discovery on behalf of the corporation, makes such discovery, can he claim the privilege from self-incrimination, because of the fact that such discovery may indicate that some other officer or agent of the corporation has participated in such questionable transaction. This is because, as stated above, this privilege is a purely personal one.

It therefore follows that since (1) this corporation can appoint some officer or agent to answer interrogatories for it, who will not be personally incriminated by such answers, and since (2) the corporation itself cannot claim any privilege against self-incrimination, it has no right to plead that privilege, as an objection to answering the interrogatories here in question.

Such objection will therefore be stricken on order.