Felix Vargas SEGARRA, Plaintiff,

v.

WATERMAN STEAMSHIP CORPORATION, Defendant, and Third-Party Plaintiff,

v.

The PUERTO RICO PORTS AUTHORITY, Third-Party Defendant.

Civ. No. 502-63.

United States District Court
D. Puerto Rico.

Nov. 2, 1966.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Carlos Romero Barcelo, Antonio M. Bird, San Juan, P. R., for defendant.

ORDER

CANCIO, District Judge.

This case is now before the Court on a motion by third party defendants, The Puerto Rico Ports Authority, requesting that the third party complaint be dismissed on the grounds that third party plaintiffs, The Waterman Steamship Corporation, allegedly has refused to answer certain interrogatories.

The two interrogatories in question form part of a greater number of interrogatories which were addressed to Plaintiff Corporation. These were duly objected to in their totality by third party plaintiff and the objections were overruled by this Court on November 17, 1965, and the third party plaintiff was ordered to answer the interrogatories within twenty days or else the third party complaint would be dismissed. The time to answer was subsequently extended and the answer was tendered and filed on July 29, 1966 with subsequent answers filed on August 2, 1966. In both cases, the interrogatories were attested to by counsel for the third party plaintiffs.

Third party defendant objects to the answers it has been served with and prays that the third party complaint be dismissed on the grounds that:

1. The answers to the interrogatories are not signed under oath by an official of the Corporation as requested, but, are signed by the attorney who cannot be held to any liability for his answers because he has the complete defense that the answers were given to him by his client as appears in the sworn testimony by attorney;

2. third party plaintiff has not answered interrogatory No. 1 nor Additional Interrogatory No. 7;

3. the foregoing are tantamount to a refusal to comply with the order of the Court of November 17, 1965.

Third party plaintiff accepts that it was their attorney who signed the answers and not an officer of the Corporation and insists that this is sufficient. As to the two interrogatories in question, third party plaintiff holds that the answer given to interrogatory No. 1 was sufficient; and that, regarding Additional Interrogatory No. 7, by an oversight, part of the interrogatory was not answered and the rest of the answer was tendered some time before the motion to dismiss came up for argument. However, as to this last point, third party defendant argues that the answer is still not sufficient.

Thus, we are called upon to decide the validity of answers to interrogatories, directed to a corporation, when such answers are made, not by an official of the corporation, but by the party's attorney. In the second place we must decide the sufficiency of the answers to the particular interrogatories here involved. We shall consider first the sufficiency of the answers to the interrogatories and secondly whether or not an attorney is a proper person to answer interrogatories on behalf of his client.

According to the amended answer, Additional Interrogatory No. 7 was treated as follows:

*Question:* If the answers to the previous questions show that the stevedoring operator was a wholly owned subsidiary, you need not answer this question, however, if the stevedoring corporation was not a wholly owned subsidiary, give the following information:

A) Give a complete list of all of your stockholders which are also stockholders of the stevedoring contractor and indicate the percentage of stock held in your corporation and the total number of shares held in this stevedoring. [sic].

*Answer:* Waterman Steamship Corporation of Puerto Rico is not a wholly owned subsidiary of Waterman Steamship Corporation.

McLean Industries, Inc. held 227,-933 shares of stock, out of 228,000

shares in Waterman Steamship Corporation; it also held 25 shares of stock, out of 30 shares, in Waterman Steamship of Puerto Rico, the stevedoring contractor.

It is quite clear that the intention of this interrogatories is to establish the entity which controls Waterman Steamship Corporation and Waterman Steamship of Puerto Rico. This is not an action where it is of any importance to have the names of each and every one of the stockholders involved. Where the control lies is clearly shown by the answer. One Corporation holds 227,933 shares out of a total of 228,000. This leaves 67 shares unaccounted for. In a type of action such as this, it would seem that the ownership of the other 67 shares is irrelevant. Certainly, Counsel for third party defendant, aside from saying that he is ignorant as to the ownership of those 67 shares, has not advanced any reason as to why he is in dire need of the names of these shareholders who remain unknown. It must be remembered here that this is an action in torts and there are no questions involved as to the corporations themselves.

█ In view of these facts, and no convincing argument having been brought up to the contrary, this interrogatory has been answered as fully as the rules require.

Passing on to the objection that interrogatory number 1 was not answered adequately, this interrogatory was treated in the following manner:

*Question:* Give a complete and detailed explanation of the manner in which the accident referred to in the complaint occurred as per the information obtained by you thru [sic] investigation.

*Answer:* Defendant does not admit the occurrence of the accident referred to in the complaint. Nevertheless, plaintiff claims in the complaint that his foot was punctured by a foreign object while alongside the SS Claiborne on August 9, 1962 in the port of Maya-

guez, Puerto Rico (see complaint). Plaintiff's version as to how his foot was punctured appears in the transcript of his deposition, a copy of which was delivered to counsel for the third party defendant.

In addition to this, counsel for third party plaintiff also stated in open Court that his investigation, carried out personally, showed that no such accident had occurred and that there was no record of it in the ship's logbook.

██ The first line of third party plaintiff's answer, wherein he points out that he denies the occurrence of the accident, is a sufficient answer in itself. In fact, the additional information he gives regarding the complaint is gratuitous and not strictly required. Interrogatories should not impose upon the opposing party a duty to make inquiries and investigations. O'Brien v. Equitable Life Assurance Soc. of United States, D.C.Mo., 1953, 13 F.R.D. 475. Although interrogatories are used in order for a party to obtain from another adverse party the information that he may have in his possession, Reed v. Swift & Co., D.C.Mo., 1951, 11 F.R.D. 273, a litigant may not compel his adversary to go to work for him. Riss & Co. v. Association of American Railroads, D.C.D.C., 1959, 23 F.R.D. 211. Hence, the answer complained of was sufficient.

Lastly, we come to the question of whether an attorney is the proper person to answer interrogatories which have been addressed to the party he represents, be it a natural person, *or a* judicial person, as in this case.

Rule 33 of the Federal Rules of Civil Procedure states in the first sentence of its first paragraph that:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer *or agent,* who shall furnish such information as

is available to the party. \* \* \* (Emphasis supplied.)"

At the outset, the rule itself defeats third party defendant's contention that his interrogatories must be signed by an "official of the corporation". The rule clearly states that the interrogatories may be answered by any officer *or agent* of the corporation, "who shall furnish such information as is available to the party", and, further on, it states that the "answers shall be signed by the person making them." The only question that might still be raised is then, thus whether or not a litigant's attorney can be considered his agent for the purposes of answering and signing interrogatories where the litigant is a corporation.

Originally, Rule 33 provided that:

"Any party may serve upon any adverse party written interrogatories to be answered \* \* \*, if the party served is a public or private corporation or a partnership or association, *by any officer thereof competent to testify in its behalf.*" (Emphasis supplied.)

As we have seen above, the amendment to the Rules made in 1948 added the term "agent." Since then, the cases interpreting this particular aspect have been far from abundant.

Nevertheless, it must be remembered that the answers given to the interrogatory are answers to be given by the party corporation, regardless of who the individual is, and that the answers must respond to the corporate knowledge and not necessarily to the knowledge of the individual making the answer. Holler v. General Motors Corp., D.C.Mo., 1944, 3 F.R.D. 296. Cfr. Moore, 4 Federal Practice 33.07. Under the amended rule, it has been held that an attorney is the proper person to answer interrogatories on behalf of a corporation and that it is his duty to furnish the sum total of the corporate information. United States v. 42 Jars etc., D.C.N.J., 1958, 162 F.Supp. 944, affirmed 3 Cir., 264 F.2d 666, Cfr., 2A Barron & Holtzoff, Federal Practice and Procedure 774.

In view of the foregoing, third party defendant's contention that third party plaintiff's attorney was not the proper person to answer the interrogatory is not well taken. His further contention that said attorney's answer would not be binding on the corporation is groundless.

Therefore, in view of the foregoing, it is ordered, adjudged and decreed that third party defendant's motion to dismiss be, and hereby is, denied.